No.: 3:20-cv-00702-KAD

---

## U.S DISTRICT COURT FOR CONNECTICUT

### (Bridgeport Division)

---

In Re JOHNNY RAY MOORE, DEBTOR

JOHNNY RAY MOORE, APPELLANT

vs.

JPMORGAN CHASE BANK NATIONAL ASSOCIATION, APPELLEE

---

ON APPEAL FROM U.S. BANKRUPTCY COURT

DISTRICT OF CONNECTICUT

Chapter 13 No.: 19-51257

---

## APPELLANT'S OPENING BRIEF

Filed:  OCTOBER 2, 2020

Johnny Ray Moore
15 Sachem Drive
Shelton, CT 06516

TABLE OF CONTENTS

I.      SUBJECT MATTER AND APPELLATE JURISDICTION.................... 1

A.      The Proceedings Below............................................................. 2

II.     SECOND AMENDED STATEMENT OF THE ISSUES....................... 3

III.    APPELLANT'S STATEMENT TO THE COURT............................... 5

a.      Preliminary Opening Statement................................................. 5

IV.     FACTS OF THE RECORD FOR DE NOVO REVIEW........................ 6

Bankruptcy Acknowledgment of MERS................................................ 8

V.      ARGUMENT AND CITATIONS OF AUTHORITY............................ 14

a.      Did Bankruptcy Court abuse its discretion................................. 14

b.      Did Bankruptcy abuse its authority.......................................... 18

c.      Did Bankruptcy abuse its discretion.......................................... 19

d.      Was discretion abused in ruling on the Memorandum and Decision.......... 22

e       Was is an abuse of authority to deny Appellant a continuance.................. 24

f       Was it error and prejudicial for the court to allow no appearance.............. 24

g.      Was it an abuse of discretion  to ignore documents were Robo-signed..... 30

h.      Standing to Enforce Note and Mortgage...................................... 31

i.      Was it err/abuse of discretion to fail proper service on MERS, etc........... 33

No Pre-Trial Order/No Evidentiary Hearing........................................... 36

## TABLE OF CASES

*Agee v. Paramount Communications.,* 114 F.3d 395, 398 (2d Cir. 1997)........   34

*Air Line Pilots Ass'n, Intern., AFL-CIO v. Shugrue*, 502 U.S. 808,
    112 S.Ct.50,116 L.Ed. 2d 28 (1991)..............................................   2

*Carpenter vs. Longan,* 83 U.S. 271, 274, 21 Led Ed.313 (1872).......................   31

*Costello v. Costello*, 186 Conn. 773,776-777, 443 A.2d 1282 (1982).................   24

*Deutsche Bank N'l Trust Co v. Rodney Thompson Et Al* ( AC3762)................   32,35

*In re. Anthem Communities/RBG, L.L.C.*, 267 B.R. 867 ( Bankr. Colo 2001)..   17

*In re Boisvert,* 4 B.R. 664(Bank. D. Mass. 1980).....................................   16

*In re Bumpass,* 28 B.R. 597 ( Bankr. S.D.N.Y. 1983).........................................   35

*Buter v. U.S..*, 440 U.S. 48, 54(1979)...........................................................   31

*Earle vs. Mc Veigh,* 91 US 503, 23 Led 398...........................................   24

*Fleet  National Bank vs Vijah J. Nazareth* Conn. App 791(2003)......................   31

*Hodge v. Hodge,* 178 Conn. 308, 315, 422 A.d 280 (1979);

*In re AMSCO, Inc.*, 26  B.R. 358, 361 (Bktcy.Conn.,1982)...................................   31

*In re Carrol*, 2012 WL 931627 ( Bankr. E.D.N.C. Mar 19, 2012)......................   16

*In re Chisum,* 68 B.R. 471 ( B.A.P. 9th Cir. 1886)....................................   35

*In re DaRosa*, 442 B.R. 173 ( Bank. D. Mass. 2010)...........................................   16,28

*In re Gauvin*, 24 B.R. 578 (B.A.P. 9TH Cir; 1982)..................................................   16

*In re Hampton Ventures, LLC*, 599 B.R. 474, 488 (Bankr.  D. Conn. 2019). .....   44

*In re Idicula,* 484 B.R.284, 288 (Bankr. S.D.N.Y. 2013)....................................   18

*In re Ionosphere Clubs, Inc.,* 922 F.2d 984, 988 (2nd Cir.1990)...........................   2

*In re Johnson,* 708 F.2d 865 ( 2d Cir. 1983)........................................................ 35

*In re Martin,* 350 B.R. 812 ( Bankr. N.D. Ind 2006)............................................... 17

*In re Metz,* 820F.2d 1495 (9th Cir. 1987)................................................................ 35

*in re Raymond*, 99 B.R. 819 (Bank. S.D. Ohio 1989).............................................. 16

*In re Sonnax Indus., Inc*, 907 F. 2d 1280 (2nd Cir. 1990)....................................... 17

*In re Strause*, 97 B.R. 22 (Bankr. S.D. Cal 1989).................................................... 35

*In re Szymanski,* 344  B.R. 891 ( Bankr. N.D. Ind. 2006)......................................... 17

*Loewi Realty Corp. v. Chanticleer Assoc., Ltd.* (*In re Chanticleer
    Assoc., Ltd.*),592 F.2d 70, 73-74 (2d Cir. 1979)................................................ 1

*MacArthur Co. v. Johns-Manville Corp.,* 837 F.2d 89, 91 (2d Cir. 1988)............ 2

*Milford Savings Bank vs. Jajer*, 244 Conn. 251, 266  (1998)................................. 31

*Revon v. Cinque & Cinque*, 221 F.sd 71, 79 (2d Cir. 2000)..................................... 34

*Straton v. New* ,283 U.S. 318, 320-21, 51 S.Ct. 465, 466, 75 L.Ed. 1060 (1931).. 1

*Waterbury Trust Company vs. Weisman.* 94 Conn 210 at pages  218-219 (1919). 31

*Winick v. Winick*, 153 249, 298-99, 216 A.2d 185 (1965)....................................... 24

*Ritzen Group Inc. v Jackson Masonry*, LLC....................................................... 16,19

*In re Boisvert, 4 B.R. 664 (Bank. D. Masss 1980)*...................................................

*In re Anthem Communities RBG, LLC 267 B.R.867 (Bank. D. Col 2000)*............*17*

### Other Authorities

*11 U.S.C. Sec.362 (g)(1)*.................................................................*3,14,15,17,19,30*

*FRCP 11* ......................................................................................................*25*

*FRBP 9014 subdivison (d)*..........................................................................*32*

APPELANT'S OPENING BRIEF

COME NOW, Appellant Johnny Ray Moore ("Mr. Moore"), who respectfully files

**Appellant's Opening Brief**, and shows this Honorable Court the following pertinent

Facts associated with this appeal.

I.       SUBJECT MATTER AND APPELLATE JURISDICTION

This District Court has jurisdiction as an Appellate Court from the Bankruptcy

Court's Final Order dismissing the Chapter 13 Bankruptcy action on 03/10/2020

Memorandum of Decision and Order Granting Motion for Relief from the Automatic Stay

[V-2-Dkt. 134]; as well as the Amended Order Granting *in rem* Relief from the Automatic

Stay [V-2-Dkt. 135]; the Motion for a new Trial was  filed on 03/24/2020 [V-3-Dkt.142] and

on 05/06/2020  Order denying the Debtor's Motion, [Vol- V-2-Dkt.146];  a timely Notice of

Appeal was filed on 05/20/2020, [V-4-Dkt. 149]. and an Amended Notice of Appeal on

05/22/2020, [V-4-Dkt.157].

The Bankruptcy Court had jurisdiction over the debtor's the Chapter 13, because

it is the kind of case in which the Bankruptcy Court has original jurisdiction over.

> "It is well established that a bankruptcy court has jurisdiction over all of
> the property of the debtor's estate, wherever located. See **Straton v.
> New** ,283 U.S. 318, 320-21, 51 S.Ct. 465, 466, 75 L.Ed. 1060 (1931)
> (purpose of bankruptcy law is 'to place the property of the bankrupt,
> wherever found, under the control of the court, for equal distribution
> among the creditors'); **Loewi Realty Corp. v. Chanticleer Assoc., Ltd.**
> (**In re Chanticleer Assoc., Ltd**.),592 F.2d 70, 73-74 (2d Cir. 1979)
> (bankruptcy court's 'power to preserve its jurisdiction by enjoining
> proceedings that would remove property from the bankrupt estate is

---

[ V-2-Dkt. 134 and Dkt. 135] = Volume 2, Docket No. 134 and Dkt. 135.

> fundamental'); 28 U.S.C.A. § 1334(d) (West Supp. 1987) (district court
> sitting in bankruptcy has jurisdiction over 'all of the property, wherever

located, of the debtor as of the commencement of such case, and of property of the estate'); 28 U.S.C. § 157(b)(2) (Supp. III 1985) ('core proceedings' in which bankruptcy judges may issue final orders include proceedings related to the property of the estate)".

***MacArthur Co. v. Johns-Manville Corp.,*** 837 F.2d 89, 91 (2d Cir. 1988).

U.S. District Courts have jurisdiction over Appeals from the Bankruptcy Court.

Pursuant to <u>28 U.S.C. § 1334</u>.

"(a) The district courts for districts for which panels have not been ordered appointed under section 160 of this title shall have jurisdiction of appeals from all final judgments, orders, and decrees of bankruptcy courts.

"(b) The district courts for such districts shall have jurisdiction of appeals from interlocutory orders and decrees of bankruptcy courts, but only by leave of the district court to which the appeal is taken.

"(c) A district court may not refer an appeal under that section to a magistrate or to a special master."

28 U.S.C.A. § 1334 (West) *See. MacArthur Co. Johns-Manville Corp.*, 837 F.2d 89, 91

(2d Cir. 1988) and *In re Ionosphere Clubs, Inc.,* 922 F.2d 984, 988 (2nd Cir.1990), *cert.*

*denied,Air Line Pilots Ass'n, Intern., AFL-CIO v. Shugrue*, 502 U.S. 808, 112 S.Ct.50,116

L.Ed. 2d 28 (1991).

### A.   *The Proceedings Below*

Mr. Moore filed a Voluntary Chapter 13 into the United States Bankruptcy Court,

District of Connecticut ("USBC"), Bridgeport. On 09/20/2019, the Bankruptcy Court

granted relief from the automatic stay and amended the Order to grant *in rem* relief from

the stay on 03/10/2020.    A timely Motion for New Trial pursuant to Federal Rules of

Bankruptcy Rules 9032, 7052, 9014, and 9017 on 03/24/2020 [V-3-Dkts. 142].

The Court issued an Order denying Motion for New Trial. *See* [V-2-Dkt. 146].

Timely Notice of Appeal was filed on 05/20/2020 [V-4-Dkt. 149] and Amended Notice of

Appeal was filed on 5/22/2020 [V-4-Dkts. 157].[1]

II.                    SECOND AMENDED STATEMENT OF THE ISSUES

1.      Did the Bankruptcy Court err and prejudice the Appellant by concluding that

attorneys or parties in interest, can file proof of claims, motions, and objection to

confirmation hearings and other various objections to the relief sought by the Appellant.

Without first having to file any appearance pursuant to the Local Bankruptcy Rule 9010-

and or FRCP 11 or FRBP 9011?

2.      Did the Bankruptcy Court abuse its discretion and violate the Appellant's

automatic stay by granting *In rem* relief without any evidence as to the market value of

the subject real estate Property accordance with 11 U.S.C. § 362 (g)(1)?

3.      Did the bankruptcy court abuse its authority and prejudice the Appellant in

violation of state law governing property rights of its citizens by granting

*in rem* relief without an appraisal being submitted with the Motion for *in rem* relief

granted by the Bankruptcy Court?

4.   Did the Bankruptcy Court abuse its authority and deny the Appellant due process

to a Extension of Time or a Request for a Continuance of an initial hearing on the before

conducting a hearing on 02/25/2020 on the Motion for Relief from the Appellant's Stay?

5.      Did the bankruptcy court in its memorandum of decision and orders excercise

an abuse of discretion by issuing a hearing on the Motion for Relief from Stay

on the 02/18/2020 having been put on notice by the Appellant on 01/16/2020 of his

---

All Document Numbers. (Doc. Nos)., refer to the Notice of Appeal from the
Bankruptcy Court [ECF. No.1] as to the Amended Notice of Appeal [ECF. No. 7]
as to the Amended Designation of Items and Second Amended Statement of the
Issue to be Presented on Appeal. [EFC. No 26 and ECF. No. 34].

unavailability to appear in Court on 02/18/2020?

6.     Did the Bankruptcy Court abuse its discretion by not allowing the Appellant

leave to amend his first amended plan or seeing that the subject property was essential

to the reorganization plan and the Appellant's good faith effort to pay of the alleged

equitable claims after being heard on the Objection to Claim No. 3?"

7.     Did the Bankruptcy Court abuse its discretion in granting in rem relief in

violation of the Appellant's bankruptcy stay based upon allegations of Hearsay by

Attorney Linda St. Pierre?

8.     Did the bankruptcy court abuse its discretion and authority by not issuing a

Pre-Trial Order or Conducting an Evidentiary Hearing based on the Appellant's

Objection to the Motion for Relief from stay {and the Motion for an Evidentiary} seeing

genuine issues of material facts were being disputed between the Appellant and

Attorney Linda St. Pierre?

9.     Did the bankruptcy Court Err and abuse its discretion by denying  the

Appellant the right to be heard on his Objection to Claim No. 3, before granting in rem

relief from the Appellant's Stay?

10.     Did the bankruptcy court abuse its discretion by declaring the claim

was secured based on a ROBO SIGNED assignment of Mortgage without the Note that

was not signed by any witness?

11.     Did the Bankruptcy Court err and abuse its discretion by falling to make proper

service of all its orders upon Mortgage Electronic Registration Systems Inc. as the

party seeking to foreclose on the Appellants property according to the Lis Pendens filed

on the Public Land Records in Stratford Connecticut.

III.   **APPELLANT'S STATEMENT TO THE COURT**

   a.   ***Preliminary Opening Statement***

   To the Honorable United States District Court Judge Kari Dooley for the District of

Connecticut Bridgeport Division, herein called ("the Appellate Court").   I, Johnny Ray

Moore, as a citizen of the United States of America and of the state of Connecticut

the named Debtor herein called ("the Appellant") before this honorable Appellate Court.

   The Appellant attest that his 3rd bankruptcy case was filed in **Good Faith** due to

significant changes in financial circumstance. The Appellant was willing to work out an

alternative dispute resolution and pay the alleged equitable claims off within

5 years, notwithstanding the evidence attained by the Appellant regarding the lack of

standing that JPMorgan Chase Bank, National Association herein called ("Chase

Bank") had before the Bankruptcy Court of not being in possession of the Note.

   There was approximately $45,000 of equity in the real estate property located at

10 Rosemary Dr. Stratford CT 06615, here in called the (Property").  The Property

continues to appreciate in value.  The record will show the Appellant's first amended

plan was sufficient to repay the pre-petition equitable claim alleged by Chase Bank.

The Appellant's bankruptcy estate had enough equity to bring current, any past due

post-petition and/or cash collateral payments once the plan was confirmed.   The

Appellant was acting with all diligence to settle his personal injury case which would

have brought $10,000 into the bankruptcy estate.  The Appellant was acting in

**Good Faith** with all due diligence to sell real estate properties that would have brought

$140,000's into the bankruptcy estate to payoff all legitimate equitable claims *in rem*

within in 5 to 7 years. The record will show that the Appellant made this absolutely clear to the Bankruptcy Court of his intentions on the record at the only Confirmation Hearing held on 01/16/2020.

The record with show that without conducting an Evidentiary Hearing or issuing any Pre-Trial Order or Order to Show Cause, the Bankruptcy Court concluded without any evidence that the Appellant filed his 3rd petition in bad faith. The Court further concluded without any evidence that the petition was file to manipulate the automatic stay provision of the bankruptcy code, as well as working unconscionable schemes of fraud upon the creditors in an attempt to avoid some final stay of a purported strict foreclosure pending in state courts which is absolutely did not exist. The Record will show that there is no evidence to support such serious and egregious accusations. The record will show the various attempts made by the Appellant to resolve the disputes and the Bankruptcy Court's unilateral decisions to deny and not allow the Appellant the right to reorganize and re-pay the alleged equitable claim *in rem*.

The Appellant's District Court record [ECF. No. 14], and the Amended Record, [ECF. No. 26] (the Appellant does not understand why ECF. 29 was filed). **The Appellant's Amended Designation of the Record for Appellate Court Review is [ECF. No. 26].**

IV.    **FACTS OF THE RECORD FOR *DE NOVO* REVIEW**

1.    On 09/20/2020, the Appellant filed a Chapter 13 reorganization petition in **Good Faith**. Due to the Appellant getting married in July 2017, this major *change in Circumstance,* among other genuine issues of discovery caused the Appellant to want to resolve all property foreclosure issues pending and other non-pending matters

regardless of the disputes and therefore the Appellant's filed an individual Chapter 13 Petition under case no. 19-51257.

2.      The Appellant at [ECF. 26, Doc. No. 1, Page 37 of 55] of Schedule I Part 2. Stated his *combined income* with his wife to be $250,000.  The Appellant also stated that his income was expected to increase.

3.      The Appellant at (Doc. No. 12, pages 1-4), filed an Amended Chapter 13, Statement of Current Monthly Income on form 122 C-1 for a 5 year plan based on the *combined income*.

4.      The Appellant Schedule J. (Doc No.1, pages 38, 39, and 40 of 55) does not show that the Appellant's expenses were reduced by some $3,619. Which a second confirmation hearing would have revealed.

5.       The Appellant statement of financial affairs official form 107, (Doc. No.1, pages 42, 44 of 55) shows Tower Lien LLC, was paid $22,000. as of 6/29/2019. Tower Lien LLC, received a sum total $32,500.  On 11/26/2019, the matter was withdrawn under FBT-CV- 12-6028284 in J.D. of Fairfield County Superior State Court in Bridgeport Connecticut Statement.

6.      Hampshire House as of 07/01/2029, was paid in full, (Doc. 1, pages 42, 44 of 55)

7.      The Appellant attest that in spite of the issues with Tower Lien LLC's claim which was commenced in violation of the Appellant's stay and discharge injunction from his first petition, combined with the fact that Hampshire House never filing any appearance in the Appellant's second petition. The Appellant settled both of these issues with each party as a show of good faith.

these parties.

8.      The Appellant disclosed his personal injury claim, (Doc. No. 1, page 46 of 55).

9.      The Appellant's Matrix for Chapter 13 Filing (2019), named Mortgage Electronic Registration Systems Inc., herein called ("MERS"). [ V-2-Dkt. 6]

### The Bankruptcy Acknowledgement of MERS

10.     The Bankruptcy Court on several occasion acknowledged MERS as an alleged creditor and party claiming interest in the Appellant's Property  according to Notices of Hearing issued by the Bankruptcy Noticing Center ("BNC") Certificate of Mailings procedures. *See* (EFC. No. 26, Doc. No. 6; Doc. No. 45; Doc. No.74; Doc. No.78 and Doc. No.86; and Doc. No.121).

**11.**     The Bankruptcy Court did not to make service upon MERS, although MERS was named in the Appellant Matrix (ECF. No. 26, Doc. No. 1, page 54 of 55) and the BNC in its Certificate of Mailing of the 341 Meeting of Creditors, (ECF. No. 26, Doc. No. 6). See [V-2-Dkt. 6]

12.     The Appellant attest that the record shows that the following hearings Notices were not served upon MERS, and should have been: (ECF. No. 26, Doc. No. 14; Doc. No. 26; Doc. No. 60; Doc. No. 104; Doc. No. 105; Doc. No. 108; Doc. No. 109; Doc. No. 119; Doc. No. 120; **Doc. No. 139).**

13.     The Appellant attest that the record will show that the following Bankruptcy Court Orders were also not served upon MERS and they should have been in light of the Appellant's Matrix, the 341 Meeting with Creditors: (ECF. No. 26, Doc. No.44; Doc. No. 51; Doc. No. 103, Doc. No. 116, Doc. No. 117; Doc. No. 139; Doc. No. 140; Doc. No. 146; Doc. No. 148).

14.     The record will also show that the Bankruptcy Court Order's [Doc. No. 103; and Doc.

No. 116], filed on 02/14/2020 and 02/20/2020, failed to not only make service upon

MERS, but no BNC Certificate of Mailing of the Order's were issued or served upon the

Office of the U.S. Trustee in violation of the Federal Rule of Bankruptcy Procedure Rule

2002 and 7004.

15.     The Appellant's record is clear, in that the Appellant filed the petition in **Good**

**Faith.** Due to a significant change in circumstance, the Appellant put forth a **Good**

**Faith** effort in attempting to resolve issues by filing a Motion for Alternative Dispute

Resolution which was filed with the bankruptcy court, ( Doc. 24). The Appellant

attempted to employ counsel (Doc. No .29), to settle the Appellant's personal injury

claim which would have brought $10,000. into the Bankruptcy Estate to fund the

amended plan or to bring current any post-petition arrearage and / or cash collateral

payments.

16.     The Bankruptcy Court denied the relief (ECF. No. 26, Doc No.36], in spite of

the material fact that no timely objection was filed by JPMorgan Chase Bank, National

Association, Attorney Linda St. Pierre, (ECF. No. 26, Doc. No. 33). In spite of this

Disappointment, the Appellant filed his first Amended Plan increasing his monthly

payment from $500. to $2,500. which showed the Appellant's Good Faith (ECF. No.

26. Doc. No. 41).

17.     The Appellant also filed an  Amended Motion for Relief from the bankruptcy

court order that denied the Appellant the right to seek an Alternative Dispute Resolution.

Considering the untimely Objection and the material misrepresentation of material facts

as to a purported final judgment pending in that State Court matter. *See* (EFC. No. 26.Doc. No.48). In spite of the Appellant's God Faith Effort, the bankruptcy court denied the Appellant the opportunity to employ counsel to settle the personal injury claim. *See* (ECF. No. 26.Doc. No.51). The Appellant filed a Motion for Authority to Sale a real estate property that could have brought $140,000 into the Bankruptcy Estate in order for the Appellant to design a plan to pay off all equitable claims (ECF.No. 26, Doc. No. 62). The bankruptcy court set a hearing down for 02/13/2020. *See* [ECF. No. 26, Doc. No. 64].

18.     On 01/16/2020 the Appellant a the Confirmation Hearing informed the Court that he would not be available to attend the hearing on the Motion to Sale Real Estate on 02/13/2020. The Appellant informed the bankruptcy court that he would not be available to appear in court on FEBRURARY 18, 2020 either. The Appellant informed the bankruptcy court that his earliest availability to appear in court would be on February 25, 2020.

19.     The bankruptcy court continued the hearing on the sale of the real estate to February 25, 2020, *See* (ECF. No. 26, Doc. No.76]. The bankruptcy court also notified MERS. *See* (ECF. No. Doc. No.78).

20.     The record displays a concern that Attorney Linda St. Pierre had about the bankruptcy court issuing an Evidentiary Hearing. *See* certified copy of the Transcript of the Confirmation Hearing Held on 01/16/2020. See [Vol-4.T-1, Page 20, Line 8-10]

*MS. ST. PIERRE:   So, Your Honor, just so I understand, Your Honor is going to hear litigation on objection to claims?*

*THE COURT: I don't know if I'm going to hear litigation on objections to*

*claims. I have to see what the responses are to objections to claims?*

21.	The Appellant attest that MERS did not receive notice of that Confirmation hearing held on 01/16/2020 as a party claiming interest in the Property.

22.	On 01/17/2020 the Bankruptcy Court, however did issue a BNC Certificate of hearing to MERS of the Appellant's intent to sell a real estate property. *See* (Doc. No. 62) On 01/29/2020 a BNC Certificate of Mailing of Hearing was sent to MERS regarding the compromised reached on the Appellant's personal injury claim in State Superior Court, (ECF. No. 26, Doc. No. 86).

**23.**	The Bankruptcy Court failed to serve a Notice of Hearing and the BNC Certificate of Mailing to MERS regarding the Appellant's Motion for Alternative Dispute Resolution which was filed on 11/21/2029. *See* (ECF. No. 26. Doc. No. 24, Docket No. 27).  The Bankruptcy Court Denied the Appellant's relief without any timely Objections being Filed, nor were the Order served upon MERS. *See* (ECF. No. 26, Doc. No. 44).

**24**.	The Appellant filed an Amended Motion for Relief Pursuant to the Federal Rule of Bankruptcy Procedure 9023, 9014, and 9017 with Exhibits A-G. See ( ECF. 26.Doc. No. 48).

25.	**The Bankruptcy Court refused to even issue any Notice of Hearing upon the Appellant, the office of the U.S. Trustee or upon any creditor in which a Notice of Appearance was filed in accordance with FRBP Rule 9011.**

**26**.	**On 02/20/2020 the Bankruptcy Court issued an Order Denying the Appellant the relief sought to work out an Alternative Dispute Resolution between Chase Bank and MERS.  The BNC never issued any Certificate of Mailing of the Order upon the Appellant, nor upon the office of the United States Trustee, nor**

**upon any of the parties that filed Notices of Appearances in accordance with FRBP Procedure 2002 and 7004.** *See* **(ECF. No. 26, Doc. No. 116).**

27.      At the Confirmation Hearing on 01/16/2020, the Bankruptcy Court lectured the Appellant on the importance of proper service, only to turn around and NOT make serve upon the office of the U.S. Trustee of the Notice of Hearing or Order rendered. *See* (Doc. 48 and Doc. 116). The Bankruptcy Court was aware that all parties having an interest in a matter must be served a Notice. See the Certified Copy of the Transcript of Hearing held on 01/16/2020. [Vol -4-T-1, page 12, Line 12-17]:

> *THE COURT: Mr. Moore, I have not looked. But, I think you do know how to*
> *properly serve. But just make sure you're properly served those objections, Okay?*
> *Because of you haven't then your objection can be overruled just based on a lack of*
> *proper service. So, Just make sure you properly served them.*

28.      Attorney Linda St. Pierre made good on her promise and on 01/16/2020, one day after the Confirmation Hearing, she commenced a contested matter proceeding having filed a Motion for Relief from Stay. *See* [ECF. No. 26. Dkt. 72].  The Appellant responded by filing a request for an Extension of Time to respond, *See* [Doc. No. 80], which was granted by the Bankruptcy Court. *See* [ ECF. No. 26. Doc. No.87]

29.      On 02/06/2020 the Appellant responded, by filing an Objection to JPMorgan Chase Bank National Association Proof of Claim No. 3-1, [ECF. No. 26, Doc. No 89]. The Response Deadline was due by **03/09/2020. The bankruptcy court never issued any notice of hearing regarding this core proceeding on an Objection to a Proof of Claim where No objection was filed and the objection remains unresolved in spite of the dismissal of the case.**

**30.**       Also on 02/06/2020 the Appellant filed his Objection to the Motion for

Relief from the Appellant's stay. *See* [ECF. No. 26. Doc. No. 90].

31.       On **02/12/2020**, when the Appellant was traveling out of the country, the

bankruptcy set a hearing date for **02/18/2020**. *See* **(Doc. No.94). Even after having**

**been put on Notice on 01/16/2020 of his unavailability to appear in court on**

**02/18/2020.** *See* **certified copy of the Transcript of the Confirmation Hearing Held**

**on 01/16/2020. [V-4-Transcript of Hearing Held on 01/16/2020]**

**32.**       On 02/14/2020 the bankruptcy court issued an Order extending the hearing

date on the Motion for Relief until 02/25/2012, then denied the Appellant the right to Due

Process by Not granting the Appellant's Motion for an Extension of Time or Request for

a continuance pursuant to the Local Bankr. R. 9014-1. This Rule requires such requests

be made 7 days prior to the hearings. (or the Appellant's Motion for a Continuance

regarding the hearing issued on 02/12/2020 by the bankruptcy court while the Appellant

was out of the country). *See* ( ECF. No. 26.Doc. No.104; Doc. No. 110; Doc. No.112;

and Doc. No.114).

33.       The Bankruptcy Court issued a total of 5 additional hearings on or about

02/18/20, while the Appellant was out of the Country between 02/12/2020 to

02/21/2020. See. (ECF. No. 26. Docs. No. 94, No. 104, No. 110, No. 112, No. 114)

34.       **The Appellant was out of the country when these notices of hearings**

**were mailed to his home.** The 3 additional 3 days allowed pursuant to FRBP Rule was

not considered by the Bankruptcy Court. Bringing a total of 8 separate and distinct

hearings to be heard on February 25, 2020, for which the Appellant had no time to

prepare for.

35.     The Appellant having arrived back in the country on 02/20/2020, the bankruptcy court issued an Order Denying the Appellant relief to enter into an Alternative Dispute Resolution. *See* (ECF. No. 26.Doc. No. 116). This Order was not served upon MERS, nor was this Order processed by the BNC, nor was a Certificate of Mailing with the Order served upon the United States Trustee or all parties in accordance with the Federal Rules of Civil Procedures. The Appellant filed a Motion for Extension of Time *See* [ECF. No. Doc. No.122], that was completely overlooked by the bankruptcy court. The Appellant filed a Motion for Continuance of the hearing on the Motion for Relief from stay. No Amended Certificate of Service was filed with the bankruptcy court by Attorney Linda St. Pierre of the hearing schedule for February 25, 2020 (ECF. 26. No. Doc. No. 125). The Appellant filed a Request for Continuance of Initial hearing date, which according to the contest matter procedure, should be filed at least 7 days prior to the hearing (ECF. No. 26. Doc. No.127).

36.     The Appellant filed a Motion for an Evidentiary Hearing regarding the Contested Matter Proceedings for the Motion for Relief, *See* (ECF. No. Doc. No. 123), which the bankruptcy court completely overlooked. In spite of the bad faith objection filed by Attorney Linda St. Pierre regarding an alleged strict foreclosure purportedly pending in New Haven on another property, of which the Appellant does not even own. *Please take judicial notice of Objection with its Exhibit (ECF. No. 26. Doc. No. 126).*

## ARGUMENT AND CITATIONS OF AUHORITY

    ***a.     Did the Bankruptcy Court abuse its discretion and violate the Appellant's automatic stay by granting in rem relief without any evidence as to the market value of the subject real estate Property in accordance with 11 U.S.C. § 362 (g)(1)?***

The Appellant attest that the Bankruptcy Court has erred and abused its discretion by granting relief from the Appellant's bankruptcy stay in violation of 11 U.S.C. § 362 (g)(1) of the United State Bankruptcy Code which clearly states the following: " **In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and (2) the party opposing such relief has the burden of proof on all other issues.**

The Appellant attest that the Bankruptcy Court falsely concluded without any evidence of the fair market value of the property attached to the Motion for Relief. *See* [V-2-Dkt.134]. The Bankruptcy Court concluded on page 12 that the Appellant's Property was valued at $225,000. based on the Appellant's Schedule but not based on a Certified Professional Appraisal from a licensed Appraiser as required by law.

On March 17, 2017 the Bankruptcy Court issued an Order denying an Amended Motion for Relief from the Appellant's stay which was filed by Attorney Linda St. Pierre, on behalf of JPMorgan Chase Bank, National Association. This prior Order was regarding the same real estate Property and was rightfully denied because no evidence of the fair market value of the Property was attached to the Motion. *See* petition no. 16-51133, Amended Motion for Relief, [V-4. Dkt.135] and the Order were the Bankruptcy Court Denied the Relief pursuant to Fed. R.Civ. P. 43(c), Fed. R. Bankr. P. 9017 and 11 U.S.C. § 362(g)(1). The Appellant ask the Court to take judicial notice of two copies (1) certified on 09/30/2020 and [V-4. Dkt. 135] and the original copy that is currently on the Record. The administration has issued the Appellant a certified copy that has been altered [V-4.135]. Bankruptcy Court abused its discretion on March 10, 2020, and prejudiced the Appellant by concluding granting relief and concluding there was no equity in the Property in violation of the Stay itself.  The Code provides that the burden of proof in stay litigation is on the party seeking relief from the stay as to the issue of the

debtor's equity in property and the party opposing relief on all other issues. *In re Carrol, 2012 WL 931627* ( Bankr. E.D.N.C. Mar 19, 2012) (creditor failed to meet burden of showing it was not adequately protected by equity cushion); In re DaRosa, 442 B.R. 173 ( Bank. D. Mass. 2010) (neither internet valuation nor tax assessment met burden to prove value, but drive-by appraisal was sufficient absent contrary evidence); 3 Collier on Bankruptcy ¶ 362.10 ( 16th ed.) But see But see in re Gauvin, 24 B.R. 578 ( B.A.P. 9th Cir. 1982); In re Boisvert, 4 B.R. 664(Bank. D. Mass. 1980). The Appellant asserted that there was over $45,000 in equity based on the appraisal that the Appellant provided to both Roberta Napolitano, Trustee and Attorney Linda St. Pierre, which was withheld from the Court. See [ V- 3. Dkt 142]. If a debtor asserts that equity in a property by itself provides adequate protection, and the creditor fails to offer sufficient evidence on the question of equity, the debtor should prevail, See in re Raymond, 99 B.R. 819 (Bank. S.D. Ohio 1989); in re Boisvert, 4 B.R/ 664 (Bank D. Mass. 1980).

In this instant matter before the Appellant Court is the material fact that in spite of the Appellant's evidence as to the market value proving equity based on the post-petition claims where Attorney Linda S. Pierre was fully aware of and without held evidence from the Court having received a copy of the Appraisal from the Appellant. There is no evidence for the Court have to conclude based on the Appellant's schedule A/B to determine the value to be being $215,000. No evidence was attached to the Motion in this instant matter before this Appellate Court. Please take judicial Notice of ( ECF. No. 26. Doc. No. 72) and ( Doc. No. 119) filed in the Appellants second petition . The code has not changed and the Bankruptcy Court should have denied the relief like in the Appellant's prior petition no. 16-51133. No motion for reconsideration was filed by Chase Bank, *See, Ritzen Group Inc. v. Jackson Masonry, LLC.*

The Appellant attest that JPMorgan Chase Bank, N.A. ("Chase") nor Attorney

Linda St. Pierre who did not file any appearance pursuant to the Federal Rule of Civ. P.
Rule 11 and Federal Rules of Bankruptcy Procedure Rule 9011. Please take judicial
notice of [V-2-Dkt. 8] did not carry an initial burden of production on the grounds alleged
for the Motion. Chase's failure to carry this burden of going forward to show grounds for
relief should have resulted in a decision for the Appellant in that the Motion should have
been denied.  See *In re. Anthem Communities/RBG, L.L.C.,* 267 B.R. 867 ( Bankr. D.
Colo. 2001) (court denied relief sua sponte to creditor who failed to meet initial burden
of production) See, e.g., *In re Sonnax Indus., Inc*, 907 F. 2d 1280 (2nd Cir. 1990). *In re
Martin,* 350 B.R. 812 ( Bankr. N.D. Ind 2006) ( sanction imposed on attorney who
alleged inaccurately that debtor had no equity in property despite lack of reasonable
inquiry into the facts); In re Szymanski, 344  B.R. 891 ( Bankr. N.D. Ind. 2006)
(sanctions imposed on attorney who filed stay relief motion but could produce not
evidence as hearing. No evidence was presented on 01/10/2018  when the Bankruptcy
Court did a 180 degree turn and granted *in rem* relief from the stay in volition of Fed.
R.Civ. P. 43(c), Fed. R. Bankr. P. 9017 and 11 U.S.C. § 362(g)(1).  Regarding the
Appellant's primary residence located at 15 Sachem Drive, Shelton CT 06484, See
Order no. 343. THIS is what bad faith looks like see [ V.4-Dkt. 397], Transcript of
hearing were in rem relief was granted against the Appellant primary residence at 15
Sachem Dr. Shelton Connecticut in violation of 11 U.S.C. § 362(g)(1).

The Appellant ask the Court to take judicial notice of the fact that US Trustee on
Behalf of Molly T. Whiton, being represented by Attorney Patrick Crook was terminated
on 09/01/2017. Therefore Attorney Patrick Crook was not representing the office of the
U.S. Trustee when he interrogated the Appellant under oath of which the Appellant
could not defend himself. No Pre-Trial Order was issued. Attorney John Cesaroni also
participated having never filed in appearance at all in the second petition and was

allowed to cross examine the Appellant under Oath. Knowing he sould have filed an appearance [ V-4- Dkt. 391] were the Court made it clear on the record that attorneys have to file an appearance. Why can the Court accuse the Appellant of bad faith?

_____

**b. Did the bankruptcy court abuse its authority and prejudice the Appellant in violation of state law governing property rights of its citizens by granting in rem relief without an appraisal being submitted with the Motion for in rem relief granted by the Bankruptcy Court?**

The Bankruptcy Court after granting relief from the stay in violation of 11 U.S.C. §§ 362(g)(1) and 362(d)(2)(A)(B), amended the Order and granted relief from the stay and issued an ORDER No 135 granting *in rem* relief from the Appellant's stay in violation of 11 362(d)(4)(B), because NO FINAL JUDGEMENT CAN BE RENDERED IN STATE COURT UNLESS AN APPRRISAL HAS BEEN FILED IN ORDER FOR THE STATE COURT TO MAKE FINDINGS AS TO THE MARKET VALUE OF THE PROPERTY.

The Appellant attest that ORDER 135, of page 1 of page 2. [V- 2.Dkt . 134] In accordance with 11 U.S.C. § 362 (d)(4), if this Order is recorded in compliance with applicable State laws governing notices of interest or liens in real property, this Order shall be binding in any other case under this title purporting to affect such real property filed not later than two years after the date of the entry of the Order base upon changed circumstances or for good cause shown, after notice and hearing, See 11 U.S.C. § 102. Any Federal, State or local governmental unit that accepts notices of interest or lien in real property shall accept a certified copy of this Order for indexing and recording.

The Appellate attest that State law controls the determination of property rights in a bankruptcy case and therefore governs a party's standing to enforce an instrument. *In re Idicula,* 484 B.R.284, 288 (Bankr. S.D.N.Y. 2013) (citing *Buter v. U.S.*., 440 U.S. 48, 54(1979)).  Therefore the Bankruptcy Court Orders [V- 2- Dkt. 134] and [V-2.Dkt.135

and the denying the Appellant's relief Motion for a New Trial, [V-3. Dkt. 142] and the

Order issued [V-2-Dkt. 146] are not in compliance with State of Connecticut

Statewide Standing Orders wherein No final Judgment can be issued in the absence of

an Appraisal being filed with the State Court. And no State Superior Court judge can

render a final judgment of Strict Foreclosure or Sale, without the Appraisal being filed in

the State Superior Court. According to the United States Supreme Court, relief from

bankruptcy stay in considered a final judgement. *See, Ritzen Group Inc. v. Jackson*

### No Final Judgment can be entered without the Appraisal

The Appellant attest not only does this Order represent an abuse of authority and

is very prejudicial towards the Appellant. There are no substantive findings, no clear and

convincing evidence that the Appellant filed his 3rd petition as part of a scheme to delay,

hinder, or defraud this creditor or any other creditor by filing multiple bankruptcy

affecting the Property pursuant to 11 U.S.C. § 364(d)(4)(B) as is cited on page one of

the ORDER. Or pursuant to 11 U.S.C. § (d)(4)

**(4)**with respect to a stay of an act against real property under subsection (a), by a creditor
whose claim is secured by an interest in such real property, if the court finds that the filing of the
petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
(A)transfer of all or part ownership of, or other interest in, such real property without the consent
of the secured creditor or court approval; or
(B)multiple bankruptcy filings affecting such real property.

***c.   Did the Bankruptcy Court abuse its discretion by not allowing the Appellant
leave to amend his first amended plan to sell his RE property, that the subject property
was essential to the reorganization plan and the Appellant's good faith effort to pay of
the alleged equitable claims after being heard on the Objection to Claim No. 3?"***

The Appellant attest that the Statement of Facts presented for *De novo* review that in

spite of the violation of 11 U.S.C. § 362 (g)(1). The Appellant acted in good faith to

resolve the mater and did not want to file an Objection to the Claim, and made this clear

to the Bankruptcy Court at the Confirmation Hearing Held on 01/16/2020. *See* Certified

Copy of Transcript [ V-4-Dkt. 160], page 9, Line 16-17

*MR. MOORE: And I'm acting in good faith, Your Honor, because I know that you just like me a lot.Page 15, Line 11-23*

*MR. MOORE: Well, for the record, your Honor, I have not filed an objection to Attorney Linda St. Pierre's claim.*

*THE COURT: Okay.*

*MR. MOORE: As an act of good faith I will be paying what post-petition payments that need to be paid. So, I just want to—*

*THE COURT: Okay.*

*MR. MOORE: -- put that for the record, Your Honor.*

The Appellant only filed his Objection to Proof of Claim No. 3 [ V-1-Admin Proof of Claim]

The Appellant's Objection to Claim 3-1. *See* [Doc. No. 89] After Attorney St. Pierre moved for relief from the stay. See Transcript App.___ Vol.___ page 20, Line 14-15,

*Ms. St. Pierre: Okay. Your Honor, I filed in rem motion for relief on 10 Rosemary today based upon—*

The Appellant attest that no motion for relief from stay was filed before the Confirmation Hearing and in spite of all of the good faith effort made by Appellant, Attorney St. Pierre had no intentions of working out an alternative dispute resolution having. This is evidenced by her untimely objection to the relief sought by the Appellant. The Appellant made his intention perfectly clear before the motion for relief was filed. The Appellant stated see Transcript [V-4-Dkt 160, Pages, 8, Line 15-19, 20, 21-24].

MR. MOORE: I want to work out whatever disputes there might be with regards

to I guess, I don't know what you want me – payments, arrears that I guess once

attorneys file appearances and there' an objection and I guess your Honor will take

those arguments into consideration.

　　　　THE COURT:  Yes.

　MR. MOORE:　　So, based on that, Your Honor, then I'm going to do what I need to do

to get my plan confirmed. I'm setting myself up.  There's a motion that I filed to sell one

of my properties [Page 17, Line 7-11, Line 20-25, Page 18, Line 1 -3].

　　MR MOORE: To fund the Plan. To stay current  on my post-petition payments.  And

　　also, Your Honor,  I'm looking to invest and make some money so I can basically pay

　thesemortgages off within one to seven years because I'm just – as much as I like you, I

just--

　　THE COURT: So, you're talking about not just arrearages, you're talking about retiring

the mortgages in full?

　　　　MR. MOORE:　　Well, yeah, because the post-petition payments that I will be

　making will be outside the plan. I'll just be concerned with whatever I will be held liable

for with in the plan.

　　THE COURT:　　Okay

　　MR. MOORE:　　For the five years, Your Honor.

　　So, when the Bankruptcy Court says in it Order No. 135, Page 12, that the Property

was not necessary for an effective reorganization plan or that there was no

likelihood that the Appellant could propose a confirmable or feasible plan was not

correct. The Record clearly shows that relief from the stay, even if there was

evidence as to the fair market value of the property, relief should not have been granted

under 362(d)(2)(A)(B).  Which was not the authority cited by the Bankruptcy Court of

page 13 of Order 134. In addition, there is definitely no evidence of bad faith on the part of the Appellant who earnestly sought various resolutions to even increase his monthly payments to the Trustee from $500. to $2,500. per month and would have increased more if the Bankruptcy Court would have allowed the Appellant to do so.

d. ***Did the bankruptcy court in its memorandum of decision and orders excercised an abuse of discretion by issuing a hearing on the Motion for Relief from Stay on the 02/18/2020 having been put on notice by the Appellant on 01/16/2020 of his unavailability to appear in Court on 02/18/2020?***

The Appellant claims that the Bankruptcy Court abused its discretion by denying the Appellant a continuance to the hearing held on 02/25/2020.  Due to the Courts error for scheduling a hearing for 02/18/2020 on the Motion for Relief. After being put on notice on 01/16/ 2020 of the Appellant's unavailability on that date to appear in Court. *See* [App.__Vol.__, Page  8, Line 22-25, Page 9, line 1- 4.]

*MR. MOORE*:   I'm going to do what I need to do to get my plan confirmed. I'm setting myself up.  There is Motion that I filed to sell one of my properties, *See* App.__, Vol.__, certified copy of the Transcript

*THE COURT:  Has that been scheduled for a hearing yet?*

*MR. MOORE:  It has, Your Honor, but I'm going to also ask the Court if that can be continued, because I won't be available on the 13th I believe February.*

*Page 15, Line 6-8*

*THE COURT:  Mr. Moore about, he wants to sell some property and it's scheduled for the 13th. He's saying he's not available on that date.*

*Page 18, line 21-25*

*THE COURT: Hold on a second. So, I could do it on February 18, or February*

*25. Its got to be one of those two days*

    MR. MOORE:  OH, OKAY. It would have to be February 25, your Honor.

Page 19, Line 1

  THE COURT. Fine.

   The Appellant made it absolutely clear to the Court that his earliest day for the Court to hear the matter would be 25th of February. The Bankruptcy Court erred by issuing a hearing on the motion for relief from stay on February 12, 2020, for a hearing to be held on February 18, 2020. (Then proceed to punish the Appellant without notice by Court while out of the Country because of a email message the Court sent me. Only to reschedule to hearing for 02/25/2020 in order to deny the Appellant a right to request a continuance of a first initial hearing pursuant to the local bankruptcy rules 9014-. Seeing that even the Notice of Hearing to the 25th of February was only six days. Not including the 3 additional days for a mailing seeing that the Appellant is a self-represented party who was out of the Country and arrived back on 02/20/2020, to a total of 8 hearings being scheduled for 02/25/2020. )

    The Bankrutpcy Court abused its discretion by not only denying the Appellant additional time to properly prepare for which should not have been scheduled all at once. The Bankrutpcy Court (on page 2 of its Order No. 134) made it appear that Appellant did not file a timely Motion for continuance, when in fact the Court denied the Appellant the right to an initial request for a continuance. A judgment may not be rendered in violation of constitutional protections. The validity of a judgment may be affected by a failure to give the constitutionally required due process notice and an opportunity to be heard. Every person is entitled to an opportunity to be heard in a court

of law upon every question involving his rights or interest, before he is affected by any judicial decision on the question. *See Earle vs. Mc Veigh,* 91 US 503, 23 Led 398. It is a fundamental premise of due process that a court cannot adjudicate a matter until the persons directly concerned have been notified of its pendency and have been given a reasonable opportunity *777 to be heard in sufficient time to prepare their positions on the issues involved. E.g. Hodge v. Hodge, 178 Conn. 308, 315, 422 A.d 280 (1979*); Winick v. Winick*, 153 249, 298-99, 216 A.2d 185 (1965). The Appellant was out of the Country and informed the Court of such on 01/19/2020. Only to arrive back to an unconscionable scheme to deny the Appellant due process. See  **Costello v. Costello, 186 Conn. 773,776-777, 443 A.2d 1282 (1982**

> **e.  *Did the Bankruptcy Court abuse its authority and deny the Appellant due process to a Continuance or a Extension of Time or a Request for a Continuance of an initial hearing on the before conducting a hearing on 02/25/2020 on the Motion for Relief from the Appellant's Stay?***

The Appellant claims that the Bankruptcy Court should have granted the Appellant his Motion for Continuance, Extension of Time and request for initial continuance of a Hearing. In failing to do so, the Bankruptcy Court also abused its authority and denied the Appellant due Process, because the evidence of the market value would have been presented.

> **f.  *Did the Bankruptcy Court err and prejudice the Appellant by concluding that attorneys or parties in interest, can file proof of claims, motions, and objection to confirmation hearings and other various objection to the relief sought by the Appellant. Without first having to file any appearance pursuant to the Local Bankruptcy Rule 9010-and or FRCP 11 or FRBP 9011?***

The Appellant claims that a Proof of claim was filed [Claim No. 3], by a fictious person that does not exist. Linda St. Pierre from the State of Georgia filed Proof of Claim No. 3. The Appellant also attest that there is no evidence on the record that

24

Attorney Linda St. Pierre filed a proper Appearance in accordance with FRCP 11 and

FRBP 9011, yet relief was granted. Therefore, there is no evidence whereby the

Appellate Court can make a finding that Attorney Linda St. Pierre from McCalla Raymer

Leibert in Pierce LLC, located at 50 Weston Street, Hartford CT 06160, had Standing

and the Bankruptcy Court had subject matter jurisdiction even if evidence as

to the market value was submitted with the Bankruptcy Court. The rules that govern the

Bankruptcy Court are very clear. See Local Bankr. Rule 9010-1

**An attorney entering an appearance in a case under the Bankruptcy Code, or any matter commenced by a complaint or motion, shall first file an appearance with the Court and serve the same upon the Debtor or the debtor-in-possession, any trustee, any committee and its counsel, the United States Trustee, appearing counsel, and parties requesting notice, and, if an adversary proceeding, any party to such proceeding**

The Appellant attest that attorney Linda St. Pierre was required by the Local Bankr.

Rule 9010-1, and failed to file an Appearance before filing any motions for relief and

failed to do. Even **Rule 9011. Signing of Papers; Representations to the Court; Sanctions;**

**Verification and Copies of Paper**

> (a) Signature. Every petition, pleading, written motion, and other paper, except a list,
> schedule, or statement, or amendments thereto, shall be signed by at least one attorney
> of record in the attorney's individual name. A party who is not represented by an attorney
> shall sign all papers. Each paper shall state the signer's address and telephone number, if
> any. An unsigned paper shall be stricken unless omission of the signature is corrected
> promptly after being called to the attention of the attorney or party.

The Appellant ask the Appellate Court to take Judicial Notice of the genuine issue of

material fact the Appellant does not know who filed the notice. *See* [ Doc. No. 8].

This was a major concern of the Appellant because in the Appellant's Second

Petition, the Bankruptcy Court granted the following proof of claims without any

appearance being filed. See District Court Claim Register 16-51133 regarding Claim

25

No. 4, 10 and 12. The Attorneys were allowed to file objections to the confirmation

plan and various motions, petitioning the Bankruptcy Court for Relief. The

Bankruptcy Court granted the said Relief over the objections of the Appellant. *See*

[Claims Register App.__, Volume__ Claims Register 16-51133.]

The Appellant was very concerned about this because of the mental anguish and trauma he

experienced on January 10, 2018, when Attorney Patrick Crook and Attorney John L. Cesaroni

was allowed to cross examine the Appellate under oath in violation of the Federal Rule of

Bankruptcy Procedure according to what the Honorable Judge Alan H.W. Shiff explained.

Although he was very patient and understanding with Mr. Moore, he left an indelible imprint

upon Mr. Moore's conscious.  On December 20, 2012, in a hearing regarding Mr. Moore's

objections to three (3) proofs of claim, and after having allowed Mr. Moore to speak

uninterrupted to the Court, the court explained how a Federal Court makes its findings of fact

and conclusions of law.  This will be forever part of Mr. Moore's life and understanding, as Mr.

Moore felt like a student being educated, while at the same time, feeling like a little boy being

lectured by his father.  It had become abundantly clear to an uneducated, pro se debtor, how

the Federal Bankruptcy Rules and Procedures were expected to work.

For example, The transcript of the hearing held on 12/20/2012 entered into the case being

appealed, [App. Vol.4, TR-1-13], beginning on page 13:

The Court:

> "The court has said, and will say again, the way to determine whether
> or not findings – on the basis of findings of fact conclusions of law
> should be reached is by trial".  [TR-1-13@1-4]

> "They don't need to come here with their witnesses or their exhibits
> today to support their position because this is not the day to do it."
> [Id @5-7]

> "I've said before there's going to be a pretrial order.  That pretrial
> order will bind you and it will bind them".  [Id@8-10]

"If you can't agree on a pretrial order, I will enter a pretrial order that I think is appropriate. And it will be at that time that you due process concerns will be addressed. Not today". [Id@11-14]

Mr. Moore:

"Yes, Your Honor". [Id@15].

The Court:

"I thought that you understood that, but I'm sure you do now". [Id@16-17]

"So all we need to do at this point is get the pretrial order set up, which will establish what exhibits, what witnesses, what experts, what kind of discovery is necessary and when the trial date will be. That's the next step". [Id@18-22].

The Appellant was not afforded due process on January 10, 2018, when the Bankruptcy Court granted in rem relief in Violation of 11 U.S.C. § 362 (g)(1), Fed. R. Civ. P. 43 (c) and Fed Rule of Evidence 9017, having issued Order No. 343 and Order 344 and continues to highlight this manifestation of in justice towards the Appellant by continuing to make reference to this fraud upon the Court. See Transcript of Hearing held on January 10, 2018. [Vol.4-Dkt. 397] The Appellant was very concerned about attorneys filing proof of claims and motions without first filing any appearances and the emotion and mental injuries and suffering he incurred. The Appellant in the second petition, brought this issue to the attention of the Bankruptcy Court at the Confirmation Hearing held on 01/16/2020. See. [ Vol-4. Dkt of Transcript _ Page 4, Lines 10-25, Page 5, Lines 1-25, Page 6, Lines 1-25.]

MR. MOORE:   Well, It's my intent, Your Honor, to you know, what claims had been filed but I would just like to let the Court know that so far, with regards to Claims 1,2,,4,5,6 and 7 no appearances have been filed in reference to those claims.

THE COURT: Well, you didn't file the objections to the claims until yesterday. So, how could anybody possibly respond to those?

MR. MOORE: Well, I guess, pursuant to the local Bankruptcy Rule 9010, that appearances have to be filed, Your Honor.

THE COURT: No, they don't Mr. Moore. Your incorrect on that.

MR MOORE: Okay

THE COURT: So, go ahead what's your next claim?

MR. MOORE: I so, what about reference to the local Bankruptcy Rule 1002-1 where it says commencement or continuation of a case without counsel? It says only individuals –

THE COURT: Of a case,  Mr. Moore. Not of – parties don't  – I'm going to stop you right there. Okay. You and I have been through this many times Mr. Moore. You know what you're doing.

MR. MOORE: I don't Your Honor.

THECOURT: Yeah, you do.

MR. MOORE: I don't know what I'm doing.

THE COURT: In objections to claims there's a period of time when people get to respond. They have thirty days to respond to an objection to claim. They don't have to have an appearance on file.  That rule about continuation of a case without counsel is with regard to the debtor, not the with regard to a creditor. So that doesn't apply.

MR MOORE; Well, my only concern, Your Honor, with regards to what you just said, that in my second bankruptcy petition I filed objections to claims. No appearances were filed. . And the Court gave them relief.  I mean, not only did the not—

THE COURT: That Judge Shiff has been retired since –

MR MOORE: No, that was you. You did it, Your Honor.

THE COURT: No, actually  Mr. Moore, you're wrong.

MR. MOORE: I'm not, Your Honor I' not wrong, no.

THE COURT: Yeah, you are wrong. So, I overruled your objections to the claims and you appealed them.

MR. MOORE: Your Honor, claim number 11 in m recollection were dealt with in the exact same ruling. I'm sure could pull it up.

MR. MOORE: Your Honor, I know you just love me. {laughter}

MR MOORE: I know you do your honor.  You just love me like Attorney Barbara Katz {ph.} loves me. You know. I know. I know,  its not personal with you –

THE COURT:  No, it's not at all, Mr. Mr. Moore.

MR. MOORE:  -- when it comes to me.  I know that we conduct ourselves in a professional manner.

THE COURT:   Yes, you do. And I appreciate that.

MR. MOORE:   You know, but Your Honor, you're just wrong.

THE COURT:    Well, that's what courts of appeal are for, so you—and actually they haven't agreed with you on appeal, Mr. Moore.

MR. MOORE:    But, you know why, because you dismissed the case. You dismissed it, Your Honor.

This was a very important exchange because of the same pattern being displayed all over again. Where fictitious proof of Claims were being filed like Claim No. 4 and 6. No Appearance being filed and attorneys are filing objections to the Appellant's

Plan and Requesting Relief. *See* [Dkt 15, Dkt 21, Dkt 23, Dkt 33, Dkt 53, Dkt 59, 67,

Dkt. 68, Dkt 93, Dkt 96. Dkt 97, Dkt, 99 and Dkt 100. Dkt. 118, Dkt. 127.] Attorney Linda

St. Pierre, without any Appearance being filed on the Record, filed an Objection to the

Appellant Motion for Relief [Dkt. 142] on 03/24/2020, after obtaining *in rem* relief on

03/10/2020 regarding a different property. *See.* [Dkt 144]. Any issue dealing with the

Subject Matter Jurisdiction of the Courts can be brought up at any time even on appeal.
( Janet we need supporting case law)

### g. Did the bankruptcy court abuse its discretion by declaring the claim was secured based on a ROBO SIGNED assignment of Mortgage without the Note that was not signed by any witness?

The Appellant attest that the Bankruptcy Court erred and abused its discretion by

concluding that the claims was secured based on an Assignment of the Mortgage that

was drafted by Attorney Linda St. Peirre or her colleagues without a Note.  *See* [App.

__Vol.__ Exhibit ___.] First on page 3 of the Order No. 134, there is no Lis Pendens

on the Record, it has been withdrawn.  The Lis Pendens currently pending is presented

in the Appellant's Objection to Claim No. 3, *See* [Dkt. No. 89, Exhibit__], filed on behalf

of Mortgage Electronic Registration Systems Inc.("MERS") who did not assign the

Mortgage as the Mortgagee of Record. The Appellant attest, that all issues leading up to

the current action pending in the State Superior Court under FBT- CV- 18-_____

are Moot. The Appellant never filed an Appeal in any court regarding the Subject

Property. No final Judgment was ever rendered. The Bankruptcy Court was without

subject matter jurisdiction to grant any relief in volition of 11 U.S.C. § 362 (g)(1). Even if

evidence was presented with the Motion Standing is based on the Note. Because

MERS is in possession of the Appellants Mortgage and is the Party seeking to foreclose

on the Mortgage in accordance with the Lis Pendens filed on the Property Land Record

see Book___ PG____. No evidence that either MERS or Chase Bank were in

possession of the Note.   It has been one of the longest held common law principles of

our common  wealth and that is the mortgage follows the note. Further, an assignment

of the  mortgage without the note is a nullity. This common law principle is upheld by

the  highest court in the United State of America. The United States Supreme Court,

in  *Carpenter vs. Longan*, 83 U.S. 271, 274, 21 Led Ed.313 (1872).  "

This long held common law principle was upheld by our Connecticut  Supreme Court in

*Waterbury Trust Company vs. Weisman*. 94 Conn 210 at pages  218-219 (1919).

And again in *Milford Savings Bank vs. Jajer*, 244 Conn. 251, 266  (1998). This long

held common law principle has also been up held here in the United States Bankruptcy
Court District of Connecticut in *In re AMSCO, Inc*., 26  B.R. 358, 361

(Bktcy.Conn.,1982).

 This well regarded common law principle that an assignment of the mortgage  without

the note is a nullity is upheld by our Connecticut appellate Court in *Fleet  National*

*Bank vs Vijah J. Nazareth* Conn. App 791(2003), were the Court ruled  "We conclude,

therefore, that the legislature did not intend to permit the holder of  the mortgage,

without having been assigned the note, the ability to foreclose on the  property. The

judgment is vacated and the case is remanded with direction to render  judgment

dismissing the action".


### h. *Standing to Enforce a Note and Mortgage*

 State law controls the determination of property rights in a bankruptcy case  and

therefore governs a party's standing to enforce an instrument. *In  re Idicula*,  484

B.R.284, 288 ( Bankr. S.D.N.Y. 2013) (citing *Buter v. U.S..*, 440 U.S. 48,  54(1979)).

Therefore the bankruptcy court had a duty pursuant to the <u>Federal Rules of Bankruptcy Procedure Rule 9014 subdivison (d)</u> to issue a Pre-Trial Order and conduct an Evidentiary Hearing before dismissing a "core proceeding" pursuant to <u>28 U.S.C.§§ 157 (b)(2)(A) and (B)</u>. Before declaring the Appellant's Second Amended Objection, [V-1-Dkt. 65] as moot without making any findings as to how and when U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT c/o Rushmore Loan Management Services was in possession of the Note and Mortgage. See ***Deutsche Bank National Trust Company Trustee v. Rodney Thompson Et Al*** ( AC3762), here our State Appellate Court ruled:

> "on appeal, the defendant claims, among other things the plaintiff lacked standing to bring this action because it was not in possession of the subject note at the time the action was commenced. Because the resolution of this claim is dependent upon a factual finding that is not part of the appellate record, and because this claim implicates the subject matter jurisdiction of the trial court, we are unable to review the merits of this appeal. We therefore reverse the judgment of the trial court and remand the case for further proceedings".

***Connecticut Practice Book*** §§ 10-33 and 10-34: Motion to Dismiss-Waiver and Subject Matter Jurisdiction. Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, judicial authority shall dismiss the action. § 10-34, Motion to Dismiss- Further Pleading by Defendant If any motion to dismiss is denied with respect to any jurisdictional issue, the defendant may plead further without waiving the right to contest jurisdictional further. The Appellant Objections refuted at least one of the allegations to the sufficiency of the claim. ***In re Hampton Ventures, LLC,*** 599 B.R. 474, 488 (Bankr. D. Conn. 2019).

**h.    *Did the Bankruptcy Court err and abuse its discretion by falling to make proper service of all its orders upon Mortgage Electronic Registration Systems Inc. being the party seeking to foreclose on the Appellants property according to the Lis Pendens filed on the Public Land Records in Stratford Connecticut.***

The Appellant attest that the Bankruptcy Court acknowledged that MERS was a party In Interest, See Appellant statement for Appellant Review. The Appellant attest that according to Black's Law Dictionary Ninth Edition (Garner West), page 864. Defines *in rem* " An action in rem is one in which the judgment of the court determines the title to property and the rights of the parties, not merely as between themselves, but also as against all persons at any time dealing with them or with the property upon which the court had adjudicated ." R.H. Graveson, *Conflict of Law* 98 (7th ed. 1974).

*Did the Bankruptcy Court err and abuse its discretion by falling to make proper*

The Appellant attest that an action to foreclosure on the Appellant's real estate property located at 10 Rosemary Drive, Stratford Connecticut 06615, herein called the ('Property"). The State Court action was commenced on behalf of MERS by JPMorgan Chase Bank, National Association according to the Lis Pendens filed on the Stratford Public Land Record in Fairfield County State of Connecticut in Book 4189 Page 343 on July 10, 2018. The action is brought, *inter alia*, to foreclose the Mortgage from Johnny Ray Moore to MERS and not *in rem.* The action was filed 07/16/2018, in the State Superior Court J.D. of Fairfield County in Bridgeport Connecticut under Civil Docket FBT-CV- 18-6076680-S.

The Appellant attest that in light of this substantive issue that it is MERS seeking to foreclose, and not JPMorgan Chase Bank, National Association, herein called ("Chase Bank"). Notwithstanding the Appellant in a GOOD Faith effort, continues to seek resolution in an Alternative Dispute Resolution. The Bankruptcy Court refused the Appellant the opportunity to resolve this issue. That the Bankruptcy Court

erred by picking and choosing which hearings and what order would be served upon MERS, seeing that MERS is the real party in interest and not Chase. It is important to note that the Appellant's foreclosure action is pending, and the Appellant has not been defaulted for failure to plead.

The Appellant in his Matrix for Chapter 13 Filing (2019) [ECF. No.25 named Mortgage Electronic Registration Systems Inc., ("MERS"), In his Matrix because according to the *Lis Pendens*, the *Cause of Action was* filed in *Personam* which is recorded in the Stratford Public Land Record. See [Book 4189 Page 343] is acting as an agent on behalf of MERS.  This is a substantive issue of material facts being disputed by the Appellant. *See* Appellant's Objection to Claim No.3-1, [Dkt. 89, page 80-84 of Exhibit I, as is number by the Appellant or Dkt 89-1 Page 65-69 as filed by the Bankruptcy Court].

United States Second Circuit Court of Appeal has ruled that "to impose sanctions under either authority in this case under section 105(a) of the bankruptcy code, the bankruptcy court *must* find clear evidence that the offending party, in this case the Appellant; (1) the bankruptcy petition were entirely meritless; and (2) the Appellant acted for improper purposes ". *Agee v. Paramount Communications*., 114 F.3d 395, 398 (2d Cir. 1997). The Second Circuit Court of Appeals has also ruled that the bankruptcy court *must* find bad faith based on *clear evidence*. *Revon v. Cinque & Cinque,* 221 F.sd 71, 79 (2d Cir. 2000). The Motion to Substitute Party Plaintiff is a significant change in circumstance in which the Appellant has been justified and Sanctions should have been imposed upon all parties that have filed fraudulent proof of claims. The Appellant claims that due to a change in circumstances, he filed his third

petition. Our court's have ruled; *In re Bumpass*, 28 B.R. 597 ( Bankr. S.D.N.Y. 1983).

See also *In re Metz*, 820F.2d 1495 (9th Cir. 1987) (filing of successive bankruptcies

does not necessarily show bad faith and may be perfectly proper); *In re Johnson*, 708

F.2d 865 ( 2d Cir. 1983) ( court must inquire into facts to determine if change of

circumstances occurred before concluding that second chapter 13 case is improper

after dismissal of earlier case); *In re Chisum*, 68 B.R. 471 ( B.A.P. 9th Cir. 1886) (filing

four successive bankruptcies was not in bad faith when changed circumstances

explained each filing),aff'd, 847 F.2d 597 ( 9th Cir. 1988).Cf. *In re Strause*, 97 B.R. 22

(Bankr. S.D. Cal 1989) (existence of pending chapter 7 case when chapter 13 case is

filed is not automatic grounds for relief from stay, court must determine whether chapter

13 case is in bad faith). The Appellant on 01/07/2020 filed various certified evidence

which included a Certified copy of the Appellant's Motion for an Extension of Time to file

an appropriate response to the Motion for Substitution filed in State Court. Pages 20-38

*See* [APP._____ ] It is worth noting that the Appellant's Objection to the Motion to

Dismiss Dkt. 57 and Dkt. 58 were completely overlooked and not even acknowledged in

the Bankruptcy Court Order No. 136.

### Appellant's Good Faith Effort to Resolve the Issues

The Appellant ask the Appellate Court to take Judicial Notice which

goes to the substantive issue of STANDING *See Deutsche Bank National Trust*

*Company Trustee v. Rodney Thompson* Et Al ( AC3762), here our State Appellate

Court has ruled the lower court" On appeal, the defendant claims, among other things

the plaintiff lacked standing to bring this action because it was not in possession of the

subject note at the time the action was commenced. Because the resolution of this

claim is dependent upon a factual finding, which is not part of the appellate record, and

because this claim implicates the subject matter jurisdiction of the trial court. We are

unable to review the merits of this appeal. We therefore reverse the judgment of the trial court and remand the case for further proceedings.

### No Pre-Trial Order Issued, No Evidentiary Hearing Conducted

The bankruptcy court concluded that the Appellant's 3rd bankruptcy case was part of a scheme to delay, hinder, and defraud JPMorgan Chase Bank National association, herein called ("JPMorgan Bank" ) by filing duplicative and frivolous bankruptcy petitions being *evidence* as part of the Appellant's scheme by manipulating the automatic stay

The Appellant attest that the bankruptcy court *erred in its conclusion* having failed to issue a Pre-Trial Order, conducted no Evidentiary Hearing  in accordance with the Federal Rule of Bankruptcy Procedure ("FRBP") Rule 9014 under the Committee Notes on Rules—2002 Amendment  under subdivision(d) which clearly states that subdivision

**(d) is added to clarify that if the motion cannot be decided without resolving a disputed material issue of fact, an evidentiary hearing must be held at which testimony of witnesses is taken in the same manner as testimony is taken in an adversary proceeding or at a trial in a district court civil case. Rule 43(a), rather than Rule 43(e), F.R. Civ.P. would govern the evidentiary hearing on the factual dispute. Under Rule 9017, the** Federal Rules of Evidence **also apply in a contested matter. Nothing in the rule prohibits a court from resolving any matter that is submitted on affidavits by agreement of the parties.**

## IN CONCLUSION

Mr. Moore filed his 3rd Petition in good faith. He wants to keep his real estate properties because they are the only source of income he has. Mr. Moore has no pension, no social security, no 401k Mr. Moore tried to reach an alternative dispute resolution, in spite of all Mr. Moore has suffered in standing up for his Constitutional rights to Due Process. A lesson that Mr, Moore will never forget by the Honorable Alan H.W. Shiff. who taught Mr. Moore, that the finding of facts and conclusions of law can only be reached by an Evidentiary Hearing of which Mr. Moore was depraved of. There is equity in the Property in Stratford. Which is essential to the reorganization of the Plan. The Property continues increasing in value due to significant changes in circumstance and income Mr. Moore filed his 3rd Petition in Good Faith. The Bankruptcy Court erred and abused its discretion by not allowing Mr. Moore to work out a Plan. Mr. Moore has not acted in bad faith and as the record shows Mr. Moore previously worked closely with U.S. Trustee Barbara H. Katz. There is a split decision in the lower court that must now be decided by this Honorable Court regarding section 109(e), which is not a matter of Public Policy. Can discharge debt be recalculated in a Petition 20?

The Appellant prays that his petition be reinstated and Mr. Moore be allowed to exercise his rights to Due Process.

Johnny Ray Moore, Appellant
15 Sachem Drive
Shelton CT 06484
greenenergyjrm@gmail.com
(203) 395-4282

## CERTIFICATE OF COMPLIANCE

1.    Type-Volume

I hereby Certify, that Appellant's Brief complies with the word limit of FRAP Rule 32(g) because excluding the parts of the documents exempted by FRAP 32(f), this document only contains 11,016 words of the allotted 13,000 words.

2.    Typeface and Type-Style

I also Certify, that Appellant's Brief complies with the typeface requirements of FRAP Rule 32(a)(5) and the type-style requirements of FRAP 32(a)(6).

Johnny Ray Moore, Appellant
15 Sachem Drive
Shelton CT 06484
greenenergyjrm@gmail.com
(203) 395-4282

38

## CERTIFICATE OF SERVICE

I hereby Certify, that I have, this 2nd day of October, 2020, served a true and correct copy of the foregoing  Copy of his Brief and Appendix was served upon the parties  via USPS, First Class Mail, properly addressed and with postage paid, to the following:


Linda J. St. Pierre, Esq.
MCCALLA RAYMER
LEIBERT PIERCE, LLC
50 Weston St.
Hartford, CT  06120

Kim McCabe, Asst, US Trustee Office
Of the US Trustee
Giamo Federal Building
150 Court St. Room 302
New Haven CT 06510-
Kim.mccabe@usdoj.gov

Roberta Napolitano                           Attorney Patrick Crook
10 Columbus  Blvd                           10 Columbus Blvd
Hartford CT 06120                           Harford CT 06120
Notices @ch13rn.com                         pcrook@ch13rn.com
(860) 278 9410                              (860) 278 9410


                                            THE APPELLANT

                                            Johnny Ray Moore
                                            15 Sachem Drive
                                            Shelton CT 06484
                                            greenenergyjrm@gmail.com
                                            203-395-4282