UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
New Have Division

| | | |
|---|---|---|
| In Re:<br>Johnny Ray Moore | § | Appeal No.: 3:20-cv-00702 |
| | § | |
| ——————————— | § | Appeal From Bankruptcy Court<br>No.: 19-51257 |
| Johnny Ray Moore, | § | |
| Appellant | § | 10/02/2020 |
| vs | § | |
| JPMorgan Chase Bank, N.A. | § | |
| Appellee | § | |

## APPELLANT'S RESPONSE IN OPPOSITION TO
## JPMORGAN CHASE BANK, N.A.'s MOTION TO DISMISS

COMES NOW, Appellant, Johnny Ray Moore ("Mr. Moore"). Who respectfully

files ***Appellant's Response in Opposition to JPMorgan Chase, Bank, N.A.'s ("Chase")***

***Motion to Dismiss***, and for which Mr. Moore shows the following:

The very first problem that Mr. Moore has with the Motions to Dismiss, is that the

attorney who filed two motions to dismiss the appeal, Linda St. Pierre.  In the Bankruptcy

Court, St. Pierre failed to file an entry into the case, and Chase did not file a claim regarding

Mr. Moore's residence in Shelton, CT.

Moreover, Chase was granted what they sought in bankruptcy court.  So where do

they get the right to try to stop the Appeal through Motion to Dismiss?  Chase, not

represented by an attorney, was granted the relief they sought, without ever legally entering

an appearance, in support of filing a claim.  Yet Chase for some reason believes that they

can waltz right in and begin ordering everyone around.

A. *Allegations Within Chase's Motion to Dismiss*

    i.      *Bankruptcy Court's Exercise of Discretion*

Mr. Moore fails to see, how the Court could exercise discretion over parties to which the Court had no personal, or subject matter jurisdiction over. Bankruptcy Court is no different in some aspects, to the US District Court. In both Courts, parties have to be properly served, before the Court gains jurisdiction over those parties.

US Bank entered into the bankruptcy, through Leopold Associates, who represented US Bank in the Bankruptcy. St. Pierre, allegedly represented Chase Bank, N.A. There was no entry of appearance filed by anyone on Chase's behalf. Further, Chase filed no Claim into the bankruptcy regarding Claim 6.

The Proof of Claim, No. 6, was filed by Leopold Associates, on behalf of US Bank, not Chase. No proper entry of appearance was filed for Chase; see [Doc.97].

Nevertheless, no attorney entered Chase into the Bankruptcy, and without being represented by legal counsel, Chase had no standing to file anything into the bankruptcy, and lacked standing to file motions into this appeal.

On Mach 17, 2017, the very same judge issued an Order, to the very same attorney, regarding the same property in Stratford denying the relief from stay. The Order, attached as *EXHIBIT A*. The Order states

> "ECF 119 Motion is DENIED without prejudice. Although the Second Amended Motion for Relief from Stay makes reference to the Debtor's Schedule A as evidence of the estimated fair market value of the property, no evidence of the fair market value of the property is attached to the Motion. See Fed. R. Civ. P. 43(c), Fed. R. Bankr. P. 9017, and U.S.C. § 362(g)".

Just like in 2017, there was nothing attached to the document, showing the value of the property. In 2020, the Court ignored the very same issues that prevented the Court from Granting the Motion in 2017.

In fact, in 2020, the Court ignored the fact that Chase and the attorney allegedly representing them were not properly before the court, and ignored the Court's lack of jurisdiction over Chase. The Court ignored a lot of things in the bankruptcy.

The fact that Chase failed to submit an Appraisal with the Motion for relief from stay. Failure to submit the Appraisal is fatal to the motion.

Moreover, neither the Trustee, nor US Bank filed an Objection to Mr. Moore's Motion for New Trial [Doc.1423]. The only objection that was filed, was filed by St. Pierre, without having ever filed an entry of appearance. Neither St. Pierre, nor Chase have a leg to stand on in contesting this appeal.

Mr. Moore has a right to appeal the Bankruptcy Court's rulings.

> "The United States Constitution prohibits any state from depriving *509 'any person of life, liberty, or property, without due process of law.' U.S. Const. amend. XIV, sec. 1; 'A party's cause of action is a property interest that cannot be denied without due process. *Logan v. Zimmerman Brush Co*., 455 U.S. 422, 428, 102 S.Ct. 1148, 1153, 71 L.Ed.2d 265 (1982).

Once a firm began representing Chase, they can't just change law firms and attorneys, without St. Pierre filing a proper entry of appearance, and withdrawal of the other attorneys/law-firm she is not part of Leopold. Also, if St. Pierre was replacing Leopold, even more steps are required before St. Pierre can replace the other law firm. without St. Pierre entering an appearance as additional firm/attorney. St. Pierre had no legal authority to file into the Bankruptcy Court, or file anything in this Appeal. , did not enter

3

an appearance into the bankruptcy, and what was filed, did not have a signature on it. Following that problem, Mr. Moore has a problem with Chase who did not have an attorney enter an appearance, and they didn't file a claim in the bankruptcy.

Without an attorney entering an appearance, representing Chase, they have no standing to file the Motion to Dismiss the appeal. Mr. Moore is unaware that an entity that was not legally part of the bankruptcy case, cannot move to dismiss the appeal and has no grounds for filing anything into the appeal. St. Pierre, allegedly represents Chase. Chase's relief had been granted to them. St. Pierre represents no other entity.

Although Chase paints themselves a pretty picture in their Motion to Dismiss, Mr. Moore disagrees that Chase had fulfilled all requirements for filing to lift the stay. The major issue, was that the court lacked jurisdiction to grant Chase anything. And yes, that violated Mr. Moore's rights. Mr. Moore has to play by the rules, but St. Pierre and Chase don't?

Mr. Moore has no plans to fight the appeal, on this Motion to Dismiss. The earlier Bankruptcy is discussed within the Appellant's Brief. Mr. Moore has no intention of arguing the appealed issues, in response to Chase's Motion to Dismiss. One thing Mr. Moore does bring up here, is no *evidence* in any other bankruptcies, which is laid out in his brief's that Mr. Moore had acted in bad faith, regardless of what St. Pierre will tell the Court. She should not be telling the court anything, she never entered an appearance.

Mr. Moore requests that the Court take Judicial Notice of the Brief and Appendix, which, at least Mr. Moore's documents filed, that were all Certified Copies.

JPMorgan Chase Bank, N.A. ("Chase") seeks to have Mr. Moore's Appeal dismissed without any affidavit. Chase is using smoke and mirrors and a pony show, convinced the Bankruptcy Court, to dismiss Mr. Moore's Chapter 13, Bankruptcy, and violated his Civil and Constitutional Rights under color of law or color of authority, and now, seek to have the Appeal dismissed as well.

Of course, if Mr. Moore agreed with Chase's stated reasons for wanting the Appeal dismissed, the appeal wound not now be in front of this Court.

Chase contends that dismissal should be granted on the following basis:

1)      The bankruptcy court's decision to lift the stay and grant in rem relief was within the bankruptcy court's discretion based upon a showing of colorable claim and cause;

2)      The Appellant is barred under Res Judicata from challenging Appellee's claim;

3)      The Appellant was afforded due process;

4)      Th e Appeal is frivolous.

[Dkt.22, p.1; Dkt. 22-1, p.1].

Chase filed their Motion to Dismiss the Appeal, hoping that this Court will do what the bankruptcy court did.  Further, Chase appears to want to argue the appeal within a motion to dismiss.   Chase thinks nothing about violating Mr. Moore's Civil and Constitutional Rights, and the Due Process Clause.  In fact, they think so little about it, that they are attempting to get this Court to join them in doing so.

Chase argues that the Court's exercise of discretion in granting relief from the stay, on the Appellees' request, for cause, including lack of adequate protection of an interest in

property, or the debtor does not have any equity in such property, and such property is not necessary for an effective reorganization; or that the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy filings affecting the real estate.

Chase claims that they filed the Motion for relief from stay because they met all four of the requirements. They further allege that the Judge expressly found that Chase fulfilled all 4 possibilities.

### B. *There is No Res Judicata, Collateral Estoppel, or Rooker-Feldman Issues*

Appellees suddenly claim that Mr. Moore is attempting to "effectively appeal the decision of a prior court decision on the issue of standing. Such attempt is improper and an attempt to 'forum-shop'... The history of the case as briefly set forth above demonstrates ... dilatory tactics of which have frustrated the due administration of justice at the trial court and appellate court level." [Doc.22-1,pp4-5].

Appellees have submitted no evidence into the trial court showing such a thing. If Mr. Moore were forum shopping, he would not have filed back into the same court as he was previously in. Or else, Mr. Moore would have filed Motion to Recuse the Judge.

Mr. Moore has done no such thing. Mr. Moore, in good faith, sought to set up his Chapter 13, in order to pay his debts, in an orderly, and organized manner. Mr. Moore's circumstances had changed, and he sincerely sought assistance in getting his debts under control.

### *The Issue of Standing – There is "Standing", and There is "Standing"*

Appellees contend that "The doctrine of res judicata,... provides that a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim...The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence... might be advanced in support of it" [Doc.22-1,p.6].

Appellees go on to state "Claim preclusion...prevents a litigant from reasserting a claim that has already been decided on the merits...prevents a party from relitigating an issue that has been determined in a prior suit..." [Id].  Appellees go on discussing claim and issue preclusion.

Appellees state "Appellee is asserting that res judicata and collateral estoppel arises out of the entry of a judgment in the state court, it is necessary to examine the holdings of Connecticut courts..." [Doc.22-1,p.7].  Out of all the pages discussing Issue and Claim preclusions, it is still unclear what, in the Chapter 13 Bankruptcy Appellees are claiming that Mr. Moore is trying to relitigate.

The end of the section on standing, Appellee states "In the present action the issue of Appellee's standing has already been determined, subject to full adjudication before the state court to a final judgment.  This Appeal is dilatory and frivolous" [Doc.22-1,p.9].

Mr. Moore sees that Appellees are attempting to complain that he was trying to relitigate something from state court, but what exactly, he cannot tell.   All of the citing cases, and all of the number of pages by Appellees, Mr. Moore cannot see what it is that

he is supposed to be attempting to relitigate.  Mr. Moore is unaware of any issues ruled on

by state court, that he is attempting to relitigate, and Appellees are not clear on what issues.

### *The Stripping Away of Mr. Moore's Rights of Due Process of Law*

Appellees apparently attempt to blame Mr. Moore for any of his rights being

violated, for something to do with being forced to proceed in ***propria persona***.  Appellee

stated "The Appellant simply makes an argument that no relief could be afforded on

Appellee's In Rem Order because it was not submitted to the property authorities...baseless

arguments surrounding service issues...[Doc.22-1,p.10].

Appellees claim that Mr. Moore "...the Appellant has failed to establish any

violation of due process" [Doc.22-1,p.10].   This issue is addressed within the Appellant's

Brief.  Appellees want to get the Appeal dismissed.  They have taken issues that they know

will be argued in the Appellant's Brief.  Appellees, in essence are attempting to force Mr.

Moore to argue the issues within his Appellant's Brief, in their Motion to Dismiss.  That

too violates Mr. Moore's due process rights.

Mr. Moore, not arguing the issue of rights violations in this response, will state that

in the trial court, there were numerous procedural violations, when case law, and the court's

own past rulings show, the rules had to be adhered to, and when they were not, due process

violations occurred.

### *Dilatory and Frivolous*

Appellees go on to argue that Mr. Moore's Appeal is dilatory and frivolous.

Appellees do admit that Mr. Moore owns/owned numerous properties, but claim he is a

serial filer, and that the serial bankruptcy filings, duplicative filings, foreclosure actions,

etc. show that dismissal under res judicata are in order, and that this Court should find that Mr. Moore's filings were dilatory and frivolous [Doc.22,p.11].

Mr. Moore points out that because he owned numerous properties, and Appellees, like other creditors have filed numerous foreclosure actions against Mr. Moore and his properties, Appellees have the opportunity to make it appear as though Mr. Moore is a serial filer.  In truth and fact, that is part of Chase's smoke and mirrors - illusions. Creditors, not Appellant, file foreclosure actions, as Connecticut is a judicial foreclosure state.

The fact remains, that Chase and St. Pierre, did not enter into the Bankruptcy, and should not have been allowed to file Motion to Dismiss, and should be barred from filing into this Appeal for that same reason.  They did not file a claim in Bankruptcy, did not enter an appearance into the Bankruptcy, they were granted relief from stay, and now, want to thwart Mr. Moore's Appeal with no standing to do so.

Standing in this sense, is the standing that a party has from being a party in the trial court dispute, and on appeal, it is necessary for appealing entities, to have been parties to the trial court case.  They were not.

> "[T]he 'case or controversy' limitation of Art. III ... requires that a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant, *126 and not injury that results from the independent action of some third party not before the court " (emphasis added)); *Warth*, 422 U.S., at 504–508, 95 S.Ct., at 2207–2210 (stating that "the indirectness of the injury ... may make it substantially more difficult to meet the minimum requirement of Art. III,"

***Steel Co. v. Citizens for a Better Env't,*** 523 U.S. 83, 125–26, 118 S. Ct. 1003, 1028, 140 L. Ed. 2d 210 (1998). The Appelle's motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b) (6) and 56(c). Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment. See *Trinsey v. Pagliaro.*

Without filing a claim, and not entering an appearance, Chase was "some third party not before the Court".

CONCLUSION

Mr. Moore has shown that Appellee have no steak to bite on in this appeal.  They lacked standing then, and they lack standing now.

Their Motion to Dismiss the Appeal must be denied.

Respectfully submitted, this 2nd day of October, 2020,

Johnny Ray Moore
15 Sachem Drive
Shelton, CT  06484
FAIRFIELD – CT
(203) 395-4282

CERTIFICATE OF SERVICE

I hereby Certify, that I have, this 2nd day of October, 2020, served a true and correct copy of the foregoing Response in Opposition to Motions to Dismiss, upon Appelle, through their attorneys on file via USPS, First Class Mail, properly addressed and with postage paid, to the following:


Linda J. St. Pierre, Esq.
MCCALLA RAYMER
LEIBERT PIERCE, LLC
50 Weston St.
Hartford, CT  06120

Kim McCabe, Asst, US Trustee Office
Of the US Trustee
Giamo Federal Building
150 Court St. Room 302
New Haven CT 06510-
Kim.mccabe@usdoj.gov

Roberta Napolitano                                  Attorney Patrick Crook
10 Columbus  Blvd                                   10 Columbus Blvd
Hartford CT 06120                                   Harford CT 06120
Notices @ch13rn.com                                 pcrook@ch13rn.com
(860) 278 9410                                      (860) 278 9410


                                        THE APPELLANT

                                        Johnny Ray Moore
                                        15 Sachem Drive
                                        Shelton CT 06484
                                        greenenergyjrm@gmail.com
                                        203-395-4282

EXHIBIT 4.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**Bridgeport Division**

| | |
|---|---|
| IN RE: | |
| JOHNNY RAY MOORE aka | : CHAPTER 13 |
| JOHNNY R. MOORE | |
| DEBTOR | : CASE NO.  16-51133 |
| | |
| JPMORGAN CHASE BANK, | |
| NATIONAL ASSOCIATION | |
| MOVANT | : RE: ECF NO. |
| VS | |
| JOHNNY RAY MOORE aka | |
| JOHNNY R. MOORE | |
| DEBTOR | |
| MOLLY T. WHITON, TRUSTEE | : FEBRUARY  22, 2017 |
| RESPONDENTS | |

### AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY
### <u>(REAL PROPERTY)</u>

The undersigned Movant, JPMorgan Chase Bank, National Association

("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the

automatic stay with respect to certain real property of Johnny Ray Moore aka Johnny R.

Moore ("Debtor") having an address of 10 Rosemary Drive, Stratford, Connecticut 06615

("Property").   In further support of this Motion, Movant respectfully states:

1. The Debtor has executed and delivered or is otherwise obligated with respect to

that certain promissory note in the original principal amount of $267,000.00 ("Note").  A

copy of the Note is attached hereto as Exhibit "A".  Movant is an entity entitled to

enforce the Note and the Mortgage (defined below).

2. Pursuant to that certain Open-End Mortgage Deed ("Mortgage"), all obligations

(collectively, the "Obligations") of the Debtor under and with respect to the Note and the

EXHIBIT A -ORDER DENYING RELIEF FROM STAY  - 1

*[Left margin, rotated text:]* evidence of the estimated fair market value or the fair market value of the property, no evidence of the fair market value or the property is attached to the motion. See Fed. R. Civ. P. 43(c), Fed. R. Bankr. P. 9017, and 11 U.S.C. §362(g).   DATED:  ___March 17, 2017___

*Julie A. Manning*
*Chief United States Bankruptcy Judge*
*District of Connecticut*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport Division

| | |
|---|---|
| IN RE:<br>JOHNNY RAY MOORE aka<br>JOHNNY R. MOORE<br>DEBTOR | : CHAPTER 13<br><br>: CASE NO. 16-51133 |
| JPMORGAN CHASE BANK,<br>NATIONAL ASSOCIATION<br>MOVANT<br>VS<br>JOHNNY RAY MOORE aka<br>JOHNNY R. MOORE<br>DEBTOR<br>MOLLY T. WHITON, TRUSTEE<br>RESPONDENTS | : RE: ECF NO.<br><br><br><br>: FEBRUARY  22, 2017 |

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY
(REAL PROPERTY)

The undersigned Movant, JPMorgan Chase Bank, National Association

Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from

tomatic stay with respect to certain real property of Johnny Ray Moore aka Johnny R.

Moore ("Debtor") having an address of 10 Rosemary Drive, Stratford, Connecticut 06615

("Property"). In further support of this Motion, Movant respectfully states:

1. The Debtor has executed and delivered or is otherwise obligated with respect to

that certain promissory note in the original principal amount of $267,000.00 ("Note"). A

copy of the Note is attached hereto as Exhibit "A". Movant is an entity entitled to

enforce the Note and the Mortgage (defined below).

2. Pursuant to that certain Open-End Mortgage Deed ("Mortgage"), all obligations

(collectively, the "Obligations") of the Debtor under and with respect to the Note and the

EXHIBIT A -ORDER DENYING RELIEF FROM STAY  - 2

ECF 119 Motion is DENIED without prejudice. Although the Second Amended Motion for Relief from Stay makes reference to the Debtor's Schedule A as evidence of the estimated fair market value of the property, no evidence of the fair market value of the property is attached to the motion. See Fed. R. Civ. P. 43(c), Fed. R. Bankr. P. 9017, and 11 U.S.C. §362(g).  DATED: ___March 17, 2017___

Julie A. Manning
Chief United States Bankruptcy Judge
District of Connecticut