## DISTIRCT OF CONNECTICUT
## BRIDGEPORT DIVISION

IN RE:                                    :          CIVIL ACTION No.:
JOHNNY RAY MOORE                          :          3:20-cv-00702-KAD
                                          :
                                                     Doc Nos. 15, 27.

### APPELLANT'S   TRANSCRIPT

The Appellant respectfully files his Transcript of proceeding in Bankruptcy Court:

Type of Hearing: Confirmation Hearing and Dismissal of Case, Held on 01/16/2020

before Judge Julie A. Manning. The TRANSCRIPT  on 06/18/2020, ECF. No. 15 and

the TRANSCRIPT on 07/16/2020, ECF. No. 27, can not be accessed by the Appellant.

The Appellant having filed in Appellant Brief and the Appendix, official submits to the

District Court a Certified Copy of the Transcript for the Record.  The Appellant

TRANSCRIPT is attached as EXHBIT 1.


                                   THE APPELLANT

                                   Johnny Ray Moore
                                   15 Sachem Drive
                                   Shelton CT 06484
                                   greenenergyjrm@gmail.com
                                   (203) 395-4282

# CERTIFICATE OF SERVICE

The undersigned certifies on 22nd day of October 2020, in accordance with the Federal Rules of Civil Procedure a copy of the TRANSCRIPT of the Confirmation Hearing was served upon the following parties listed below via Electronic Email:

Kim McCabe, Asst. US Trustee Office of
the U.S.Trustee
Giaimo Federal Building
150 Court Street, Room 302 New Haven
CT 06510
Kim. mccabe©usdoj.gov
(203) 773-2210

Attorney Patrick Crook
10 Columbus Boulevard, 6th floor
Hartford CT 06160
perook@ch13rn.com
(860) 278-9410

Roberta Napolitano, Chapter 13, Trustee
10 Columbus Boulevard, 6th floor
Hartford CT 06160
notices @chl3rn.com
(860) 278- 9410

U.S. Trustee
Office of the U.S. Trustee
Giaimo Federal Building
150 Court Stree, Room 302
USTPRegion02.NH.ECF.@USD0J.GOV
(203) 773-2210

Attorney Linda St. Pierre
McCalla Raymer Leibert Pierce LLC 50
Weston Street
Hartford CT 06120
(860) 240-9256
do JPMorgan Chase Bank, N.A.
President
700 Kansas Lane
Monroe, LA 71203-4774
Linda.St.Pierre@mccalla.com
Claim No. 3-1

THE APPELLANT

Johnny Ray Moore
15 Sachem Drive
Shelton CT 06484
greenenergyjrm@gmail.com
(203) 395-4282

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

In Re

**JOHNNY RAY MORE** ) CASE NUMBER 19-51257
Debtor *Pro se.* )
----------------------------------------------------------X

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE JULIE A. MANNINGS**
**January 16, 2020**
**United States Bankruptcy Court**
**915 Lafayette Boulevard**
**Bridgeport, CT 06604**

PROCEEDING ON CONFIRMATION HEARING AND DISMISSAL OF CASE

APPEARANCES:

**ROBERTA NAPOLITANO, ESQ. CHAPTER 13 TRUSTEE**
10 Columbus Boulevard
Sixth Floor
Hartford, CT 06106

**JOHNNY RAY MOORE, DEBTOR, *PRO SE***
15 Sachem Drive
Shelton, Connecticut 06484

**AMANDA W. TIERNAN, ESQ.**
Marinosci Law Group, P.C.
275 West Natick Road
Suite 500
Warwick Rangoon Inc. 02886

i certify that this is a true and correct copy of the
original which is on file at the Office of the Clerk.
Deputy Clerk, U.S. Bankruptcy Court.        Date

**LINDA ST. PIERRE, ESQ.**
MCCALLA RAYMER LIEBERT PIERCE, LLC
50 Weston Street
Hartford, Connecticut 06120

Proceedings recorded by mechanical stenography,
transcript produced by computer.

----------------------------------------------------------X

*In re:*
[          ECF 37- Motion to dismiss Case filed by Roberta
Napolitano

          ECF No. 41 - First Amended Chapter 13 plan filed
by Johnny Ray Moore

1          COURT CLERK:    19-51257, Johnny Moore.

2          THE COURT:    Good morning.  If we could have

3    appearances for the record, please?

4          MS. NAPOLITANO:    Yes, Your Honor, Roberta

5    Napolitano, the Chapter 13 Trustee.

6          MS. TIERNAN:    Amanda Tiernan, for Specialized Loan

7    Servicing LLC.

8          MR. MOORE:    Johnny Moore, *pro se* debtor, Your

9    Honor.

10          THE COURT:    Good morning.

11          MR. MOORE:    Good morning.

12          MS. NAPOLITANO:    And, if I may, Your Honor, I

13    received a text from Attorney St. Pierre asking that we

14    continue -- we hold the matter until she arrives she's on

15    her way from court in Hartford.

16          THE COURT:    Are you pressing your motion to

17    dismiss, Trustee Napolitano?

18          MS. NAPOLITANO:    Not at this time, Your Honor.

19          THE COURT:    Okay.  So are we proceeding with

20    confirmation?

21          MS. NAPOLITANO:    I can't support confirmation, Your

22    Honor.

23          THE COURT:    Okay.  All right, and trustee, I'm

24    sorry, Attorney Ms. St. Pierre wants to be heard on the

25    confirmation issue, as far as you know?

1        MS. NAPOLITANO:   As far as I know.   I just

2   received a text a couple of minutes ago.

3        MR. MOORE:   Well, there is no outstanding

4   objection from Attorney Ms. St. Pierre, Your Honor.

5        THE COURT:   Okay, but that -- I understand what

6   you're saying.   But if the plan can't be confirmed whether

7   she's here or not that's the issue right?

8        I mean, so Mr. Moore, what are you trying to do

9   here with your first amended plan?

10        MR. MOORE:   Well, it's my intent, Your Honor, to

11   you know, what claims had been filed but I would just like

12   to let the Court know that so far, with regards to Claims

13   1, 2, 4, 5, 6 and 7 no appearances have been filed in

14   reference to those claims.

15        THE COURT:   Well, you didn't file the objections

16   to the claims until yesterday.   So, how could anybody

17   possibly respond to those?

18        MR. MOORE:   Well, I guess, pursuant to the local

19   Bankruptcy Rule 9010, that appearances have to be filed,

20   Your Honor.

21        THE COURT:   No, they don't Mr. Moore.   Your

22   incorrect on that.

23        MR. MOORE:   Okay.

24        THE COURT:   So, go ahead what's your next claim?

25        MR. MOORE:   I so, what about reference to the

1    local Bankruptcy Rule 1002-1 where it says commencement or

2    continuation of a case without counsel?  It says only

3    individuals --

4            THE COURT:  Of a case, Mr. Moore.  Not of --

5    parties don't -- I'm going to stop you right there.  Okay.

6    You and I have been through this many times, Mr. Moore.

7    You know what you're doing.

8            MR. MOORE:  I don't, Your Honor.

9            THE COURT:  Yeah, you do.

10           MR. MOORE:  I don't know what I'm doing.

11           THE COURT:  In objections to claims there's a

12    period of time where people get to respond.  They have

13    thirty days to respond to an objection to claim.  They

14    don't have to have an appearance on file.  That rule about

15    continuation of a case without counsel is with regard to

16    the debtor, not with regard to a creditor.  So that doesn't

17    apply.

18           MR. MOORE:  Well, my only concern , Your Honor,

19    with regards to what you just said, that in my second

20    bankruptcy petition I filed objections to claims.  No

21    appearances were filed.  And the Court gave them relief.  I

22    mean, not only did they not --

23           THE COURT:  That Judge Schiff has been retired

24    since --

25           MR. MOORE:  No, this was you.  You did it, Your

1    Honor.

2           THE COURT:   No, actually Mr. Moore, you're wrong.

3           MR. MOORE:   I'm not, Your Honor I'm not wrong, no.

4           THE COURT:   Yeah, you are wrong.  So, I overruled

5    your objections to the claims and you appealed them.

6           MR. MOORE:   Your Honor, claim number 11 in my --

7           THE COURT:   Claim number 10 and 11, my

8    recollection were dealt with in the exact same ruling.  I'm

9    sure I could pull it up.

10          MR. MOORE:   Your Honor, I know you just love me.

11          [Laughter]

12          MR. MOORE:   I know you do, Your Honor.  You just

13   love me like Attorney Barbara Katz [ph.] loves me.  You

14   know.  I know, it's not personal with you --

15          THE COURT:   No, it's not at all, Mr. Moore.

16          MR. MOORE:   -- when it comes to me.  I know that

17   we conduct ourselves in a professional manner.

18          THE COURT:   Yes, you do.  And I appreciate that.

19          MR. MOORE:   You know, but, Your Honor, you're just

20   wrong.

21          THE COURT:   Well, that's what courts of appeal are

22   for, so you -- and actually they haven't agreed with you on

23   appeal, Mr. Moore.

24          MR. MOORE:   But, you know why, because you

25   dismissed the case.   You dismissed it, Your Honor.

1      THE COURT:   Well, you can appeal that.

2      MR. MOORE:   Your Honor, like I said, I'm a *pro se*

3  litigant.  Okay.

4      THE COURT:   No, I understand.  I understand but

5  with regard to the objections to claims though Mr. Moore,

6  they have time to respond.

7      MR. MOORE:   Okay.  So, to me it's bad faith on the

8  part of the trustee -- well, thank God she's not moving on

9  the motion to dismiss because that motion should just be

10  stricken from the record.  And based on the exhibits in my

11  response I'm not sure if you had an opportunity to look at

12  that motion, but it's unspeakable.  But I'm glad that the

13  trustee is not moving on --

14      MS. NAPOLITANO:   First of all, it's not

15  unspeakable.  And it's not in bad faith.  I just want to

16  make that clear.  Thank you.

17      MR. MOORE:   Well, if you look at the exhibits that

18  was presented by Patrick Cook, Your Honor --

19      THE COURT:   Crook.

20      MR. MOORE:   Crook.  Yeah, its unconscionable.

21      THE COURT:   Well, let's go back to my question.

22  What are you trying to do with your first amended plan?

23      MR. MOORE:   Get it confirmed.

24      THE COURT:   Yeah, but what are you trying to do?

25  Are you trying to retain property --

1            MR. MOORE:   I'm going to --

2            THE COURT:   --  that you aren't going to -- that

3    you're they're not going to pay any claims on because you

4    believe -- you have a release of your personal liability

5    because of a Chapter 7 discharge, correct?

6            MR. MOORE:   That's not true.

7            THE COURT:   Well, then what is true?  That's what I

8    said.

9            MR. MOORE:   Well, no, it's not true.

10           THE COURT:    So I'm asking you a question what are

11   you trying to do?

12           MR. MOORE:   I want to retain my properties.

13           THE COURT:   Uh-huh.

14           MR. MOORE:   I want to work out whatever disputes

15   there might be with regards to I guess, I don't know what

16   you want me -- payments, arrears that I guess once the

17   attorneys file appearances and there's an objection and I

18   guess Your Honor will take those arguments into

19   consideration.

20           THE COURT:   Yes.

21           MR. MOORE:   So, based on that, Your Honor, then

22   I'm going to do what I need to do to get my plan confirmed.

23   I'm setting myself up.  There's a motion that I filed to

24   sell one of my properties.

25           THE COURT:   Has that been scheduled for a hearing

1     yet?

2              MR. MOORE:    It has, Your Honor, but I'm going to

3     also ask the Court if that can be continued, because I

4     won't be available on the 13 I believe of February.  You

5     know, I increased my payment to the trustee to $2,500.  So,

6     even if hypothetically, let's say that their claims are

7     valid.  The arrears is valid.  Over five years paying

8     $150,000 would cover those claims.  But, you know, it's my

9     hope that, you know, it's not going to be that much.  You

10    know, so once the claims have been heard, to be determined

11    what is owed, I would like to file an amended plan.  And

12    get it confirmed, Your Honor.

13             THE COURT:    Okay.

14             MR. MOORE:    That's what I would like to do.

15             THE COURT:    I understand your point.  I do.

16             MR. MOORE:    And I'm acting in good faith, Your

17    Honor, because I know that you just like me a lot.

18             THE COURT:    Well, I do think that there are times,

19    and I don't know if it's true in this because I haven't

20    reviewed your objections to claims because they were just

21    filed yesterday.  But there have been times when your

22    interpretation of the law has not been correct.  And so

23    that's the only thing I would say.  And if you disagree

24    with what the Court rules you have the absolute right to

25    appeal, which you've done.

1          So, I have no problem with that whatsoever, Mr.

2      Moore.  My job is just to make a decision whether -- and I

3      try to do it right.  And if I don't that's what the Court

4      of Appeals will tell me, right.  They'll say you did it

5      wrong.

6              MR. MOORE:   Well, you're tough.

7              THE COURT:   Well, I don't mean to be tough.

8              MR. MOORE:   You're tough.

9              THE COURT:   I try to just be fair.

10             MR. MOORE:   You're tough.  You're tough.

11             THE COURT:   And apply the law.

12             MR. MOORE:   I don't know about fairness when it

13     came to me, Your Honor.  But --

14             THE COURT:   Well, okay, that's your --

15             MR. MOORE:   -- I'm not taking it personal.

16             THE COURT:   Okay.

17             MR. MOORE:   You know, one of the things that the

18     Lord said to me he said son, don't take it personal.

19             THE COURT:   Okay.

20             MR. MOORE:   And some people take it personal.  But

21     I try my best not to take this personal.

22             THE COURT:   Okay.

23             MR. MOORE:   It's tempting, but I'm trying to hold

24     the line.

25             THE COURT:   I understand.

1      MR. MOORE:   So, and I don't want to keep just

2  running back and forth to Court.  So, the last time I was

3  here, Your Honor, which was January 17, 2017 had a

4  confirmation hearing, my first one before you where that

5  plan  was denied.  And you stated you would issue an order

6  to schedule -- a scheduling order, you know, but, I don't

7  know.

8      THE COURT:   I don't remember.  I mean we've got it

9  in front of me Mr. Moore.  I don't recall specifically.

10      MR. MOORE:   Well, you know what, Your Honor?  I

11  actually have the transcript here.

12      THE COURT:   Okay.  It's in your prior case though,

13  right?

14      MR. MOORE:   Yeah, it's in my prior case, Your

15  Honor.

16      THE COURT:   Okay.

17      MR. MOORE:   It's --

18      THE COURT:   What's the case number?  I'll look at

19  it later.

20      MR. MOORE:   Yes, the Docket Number 16-51133.

21      THE COURT:   51133.

22      MR. MOORE:   Yes.

23      THE COURT:   And what's the transcript number?  Do

24  you have a number on it, a docket number?

25      MR. MOORE:   392, Your Honor.

1          THE COURT:    What is it?

2          MR. MOORE:    Docket number 392.

3          THE COURT:    392.   Okay.

4          MR. MOORE:    Yeah.

5          THE COURT:    I'll look at it later.

6          MR. MOORE:    Thank you, Your Honor.

7          THE COURT:   All right, so the problem is for all of

8    us here, Mr. Moore's got objections to claims which he's

9    entitled to file.   The plan that's on cannot be confirmed

10   if he's objecting to claims because the claims will not

11   have been determined for the treatment under a plan.   The

12   parties whose claims -- Mr. Moore, I have not looked.   But,

13   I think you do know how to properly serve.   But just make

14   sure you've properly served those objections, okay?

15   Because if you haven't then your objection can be overruled

16   just based on a lack of prover service.   So, just make sure

17   you properly served them.

18          MR. MOORE:    Thank you, Your Honor.

19          THE COURT:    The rules require that if -- you have

20   to serve the party on the proof of claim on the address

21   they have listed on the proof of claim.   So, make sure you

22   did that.   Because if you haven't it will be denied

23   outright.

24          MR. MOORE:    Your Honor, I'm learning a lot from

25   you because you're very technical.

1      THE COURT:   Well, the code is very technical.

2      MR. MOORE:   Well, yeah.

3      THE COURT:   I'm not sure I'm so technical.

4      MR. MOORE:   You're technical, Your Honor.

5      THE COURT:   But the code in the rules are very

6  technical.

7      MR. MOORE:   So, I did.

8      THE COURT:   Okay.

9      MR. MOORE:   But if not I will --

10      THE COURT:   All right.

11      MR. MOORE:   -- make sure.

12      THE COURT:   So, Trustee Napolitano, I understand

13  your position as well. I think we have to let the

14  objections to claim play out a little bit.

15      MS. NAPOLITANO:   Yes, Your Honor.

16      THE COURT:   I think what we're going to do is I'm

17  not going to -- I'm going to continue all the matters on

18  today's calendar without a date right now, because I have

19  to wait for parties to respond to the objections to claim

20  as they're entitled to do under the rules I believe, I'm

21  virtually certain, they have thirty days to respond, okay.

22      So, I'm not going to set a new hearing date on any

23  of these matters yet because I have to figure out where

24  we're going to go.

25      Your motion to sell, you're saying you're not

1    available on the 13?  Is that what you're telling me, Mr.

2    Moore?

3            MR. MOORE:    Correct, Your Honor.

4            THE COURT:    What -- you're selling one of the

5    properties or all the properties?

6            MR. MOORE:    Well, right now I believe with my

7    current cash flow between me and my wife who is very

8    supportive of what I'm trying to do --

9            THE COURT:    Hold on just a second, Mr. Moore.

10   Attorney St. Pierre, we're on the Moore case.  And we're

11   not doing anything today because of these objections to

12   claims.  But I understand that you wanted to be heard, or

13   at least be here while we're talking about it?

14           MS. ST. PIERRE:    Okay.

15           THE COURT:    That's fine.  There's no need to

16   apologize.  You were in another Court.  That's fine.

17           MS. ST. PIERRE:    Your Honor --

18           THE COURT:    Just note your appearance for the

19   record please.

20           MS. ST. PIERRE:    Let me just get the claimant's

21   name here.  Your Honor, Linda St. Pierre on behalf of

22   JPMorgan Chase.

23           THE COURT:    Okay, Mr. Moore was just talking to me

24   answering some questions.  He filed a series of objections

25   to claims which you may or may not have seen.  We're not

1   going to rule on anything today because I have to give the

2   parties the opportunity to file response to those

3   objections to claims.  I am not setting new hearing dates

4   at this point until I see what objections are -- excuse me,

5   what responses are filed to the objections to claims.  I

6   was asking Mr. Moore about, he wants to sell some property

7   and it's scheduled for the 13.  He's saying he's not

8   available on that date.  But I was just asking him when you

9   walked in what properties he's attempting to sell.  So, go

10  ahead Mr. Moore.

11          MR. MOORE:  Well, for the record, Your Honor, I

12  have not filed an objection to Attorney Linda St. Pierre's

13  claim.

14          THE COURT:  Okay.

15          MR. MOORE:  I do not intend to file an objection

16  to her claim.

17          THE COURT:  Okay.

18          MR. MOORE:  As an act of good faith I will be

19  paying what post-petition payments that need to be paid.

20  So, I just want to --

21          THE COURT:  Okay.

22          MR. MOORE:  -- put that for the record, Your

23  Honor.

24          THE COURT:  Now, with regard to -- thank you.

25  With regard to the sale of the property, what -- are you

1    attempting to sell one or more pieces of property?

2         MR. MOORE:   Well, at this time one property which

3    is located at 574-576 Union Avenue.

4         THE COURT:   Is that in Bridgeport?

5         MR. MOORE:   In Bridgeport, yes Your Honor.

6         THE COURT:   Okay.  574-576?

7         MR. MOORE:   Union Avenue.

8         THE COURT:   Okay.

9         MR. MOORE:   The bank has issued a commitment

10   letter.  But I --

11        THE COURT:   For what?

12        MR. MOORE:   For -- well, I'm selling the property

13   to my wife.  And I did -- I don't know if you had an

14   opportunity to look at them also.

15        THE COURT:   I haven't.

16        MR. MOORE:   So, I'm selling --

17        THE COURT:   So when they issued a commitment

18   whether to say that they're supportive of the sale or

19   they're going to lend her money, or what is the situation?

20        MR. MOORE:   Well, the bank appraised the property

21   for $140,000.

22        THE COURT:   Okay.

23        MR. MOORE:   My wife has to put up 25% of the down

24   payment.  And the bank has agreed to lend me because I'm

25   selling the property to her --

CASE 19-51257-January 16, 2020                              17

1          THE COURT:   Yes.

2          MR. MOORE:   -- well, actually $140,000, but I

3    intend to give her back her deposit.

4          So, I'll have a net proceeds of $105,000 which I

5    intend to one --

6          THE COURT:   Use to fund the plan.

7          MR. MOORE:   To fund the plan.  To stay current on

8    my post-petition payments.  And also, Your Honor, I'm

9    looking to invest and make some money so I can basically

10   pay these mortgages off within one to seven years because

11   I'm just -- as much as I like you, I just --

12         THE COURT:   You're tired of seeing me.

13         MR. MOORE:   -- I'm tired.  Yes.  Well, don't take

14   it personal.

15         THE COURT:   I don't.  I don't take it personally,

16   Mr. Moore.

17         All right, but, you know, your plan doesn't go for

18   seven years.  It only goes for five years.

19         MR. MOORE:   Well --

20         THE COURT:   So, you're talking about not just

21   arrearages, you're talking about retiring the mortgage in

22   full?

23         MR. MOORE:   Well, yeah, because the post-petition

24   payments that I will be making will be outside the plan.

25   I'll just be concerned with whatever I will be held liable

1       for within the plan.

2               THE COURT:   Okay.

3               MR. MOORE:   For the five years, Your Honor.

4               THE COURT:   All right.  Thank you.  That helps me

5       understand the motion.  And the courtroom deputy and I --

6       that's the -- is that -- the 13, is that a Chapter 13 day?

7       All right, because the motion to sell doesn't necessarily

8       have to be on a Chapter 13 day, Trustee Napolitano.

9               MS. NAPOLITANO:   Yes, Your Honor.

10              THE COURT:   So, I could change that -- I could

11      continue that hearing to a regular short calendar day, Mr.

12      Moore, which will be a Tuesday.

13              MR. MOORE:   Before the --

14              THE COURT:   Not before the 13, after the 13.

15              MR. MOORE:   Oh.

16              THE COURT:   Because it doesn't need to be

17      scheduled on a Chapter 13 day.

18              MR. MOORE:   Right.  So, --

19              THE COURT:   Let's look at some dates, okay?

20              MR. MOORE:   Okay, Your Honor.

21              THE COURT:   Hold on a second.  So, I could do it

22      on February 18 or February 25.  It's got to be one of those

23      two days.

24              MR. MOORE:   Oh, okay.  It would have to be

25      February 25, Your Honor.

CASE 19-51257–January 16, 2020                    19

1      THE COURT:   Fine.  We'll continue it in open

2  Court.  We're going to continue the hearing on Mr. Moore's

3  motion to sell under Section 363, which is -- I just saw it

4  and I lost it now -- 58?  No, not 58.

5      COURT CLERK:   62.

6      THE COURT:   62.  So, we should issue a notice of

7  continued hearing, if you would please on that motion to be

8  held on February 28 at what time?  I mean, not 28, 25.  The

9  28 is the Friday.  The 25 is the Tuesday.

10     COURT CLERK:   At 10 o'clock.

11     THE COURT:   At 10 a.m.

12     MR. MOORE:   Yes, Your Honor.

13     THE COURT:   Okay, Mr. Moore, so on notice of

14  continued hearing on that motion to sell under Section 363

15  will issue from the clerk's office in the next day or so.

16     MR. MOORE:   Thank you, Your Honor.

17     THE COURT:   Okay?

18     MR. MOORE:   Uh-huh.

19     THE COURT:   All right, now with regard to

20  everything else, Trustee Napolitano, I'm -- as I said I'm

21  not going to set any dates today.

22     MS. NAPOLITANO:   Yes, Your Honor.

23     THE COURT:   Because we have to deal with these

24  objections to claims.

25     MS. NAPOLITANO:   Yes, Your Honor.

1           THE COURT:   Does anyone else with to be heard on

2    anything else?

3           MS. ST. PIERRE:   Well, Your Honor, I'm not certain

4    with regards to the Court's decision to forego a motion to

5    dismiss on a case the debtor is not eligible to be under --

6           THE COURT:   I'm not foregoing it.   I'm just not

7    deciding it today.

8           MS. ST. PIERRE:   So, Your Honor, just so I

9    understand, Your Honor is going to hear litigation on

10   objections to claims?

11          THE COURT:   I don't know if I'm going to hear

12   litigation on objections to claims.   I have to see what the

13   responses are to objections to claims.

14          MS. ST. PIERRE:   Okay.   Your Honor, I filed in *in*

15   *rem* motion for relief on 10 Rosemary today based upon --

16          THE COURT:   Okay.

17          MS. ST. PIERRE:   -- and I will proceed with that in

18   the ordinary course --

19          THE COURT:   Well, that will be handled in the

20   ordinary course, right.

21          MS. ST. PIERRE:   [Inaudible] file an objection.

22          THE COURT:   Right.

23          MS. ST. PIERRE:   We'll deal with that.

24          THE COURT:   I understand.   Anyone else wish to be

25   heard?

CASE 19-51257-January 16, 2020                    21

1          MS. NAPOLITANO:    No, Your Honor.

2          MS. ST. PIERRE:    No.

3          THE COURT:    All right, as I said I don't know what

4     I'm going to do yet.    I'm continuing these matters without

5     a date.    The only matter that -- it doesn't appear on

6     today's calendar -- is the motion to sell which Mr. Moore

7     made an oral motion to continue that hearing based upon a

8     conflict.    And it's going to be continued to February 25 at

9     10 a.m.    And the clerk's office is going to issue a notice

10    of continued hearing.

11         MS. NAPOLITANO:    Thank you, Your Honor.

12         MR. MOORE:    Thank you, Your Honor.

13         THE COURT:    Thank you.

14                              **********

15    [CD ENDS 11:37:09, END OF HEARING]

16

17

18

19

20

21

22

23

CASE 19-51257-January 16, 2020                    22
C E R T I F I C A T I O N

I, Phyllis P. Corella certify that the foregoing is a true

and correct transcript of the reported proceedings held on

January 16, 2020, in the matter of Johnny Ray Moore, Case

Number 19-51257 before Honorable Julie A. Mannings, and that

the transcript page format is in conformance with the

regulations of the Judicial Conference of the United States.


Dated May 27, 2020


S/S   PHYLLIS P. CORELLA

Form ntcflgtrbk

# UNITED STATES BANKRUPTCY COURT
## District of Connecticut

In | | Johnny Ray Moore
Re: | Debtor(s)

Case No.: 19–51257

### NOTICE OF FILING OF TRANSCRIPT
### AND OF DEADLINES TO RESTRICTIONS AND REDACTION

A transcript of the proceeding held on January 16, 2020 was filed on June 1, 2020. The following deadlines apply:

The parties have until seven (7) calendar days from the date of filing of the transcript to file with the court a *Notice of Intent to Request Redaction* of this transcript. The deadline for filing a *request for redaction* is 21 days from the date of filing of the transcript.

If a request for redaction is filed, the redacted transcript is due 31 days from the date of filing of the transcript.

If no such notice is filed, the transcript may be made available for remote electronic access upon expiration of the restriction period, which is 90 calendar days from the date of filing of the transcript unless extended by court order.

To review the transcript for redaction purposes, you may purchase a copy from the transcriber or you may view the document at the clerk's office public terminal.

Dated: June 2, 2020

For the Court

Pietro Cicolini
Clerk of Court

United States Bankruptcy Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

Tel. (203) 579–5808
VCIS* (866) 222–8029
* Voice Case Information System
http://www.ctb.uscourts.gov
Form ntctrbk