UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
                              :
IN RE: JOHNNY RAY MOORE       :    Civ. No. 3:20CV00702(SALM)
     Debtor-Appellant         :    Bankr. No. 19-51257(JAM)
                              :
                              :    Chapter 13
                              :
                              :    February 16, 2022
                              :
------------------------------x

## ORDER DISMISSING APPEAL

Pending before the Court is the appeal of self-represented debtor Johnny Ray Moore ("Mr. Moore" or "Appellant") from two orders of the United States Bankruptcy Court for the District of Connecticut ("Bankruptcy Court").[1] Mr. Moore appeals from (1) the March 10, 2020, Order granting relief from the automatic stay in rem to JPMorgan Chase Bank, National Association ("JPMorgan"); and (2) the May 6, 2020, Order denying his motion for a new trial. See Doc. #7.[2] Appellee JPMorgan filed a motion to dismiss the appeal. [Doc. #22]. For the reasons stated below, Mr. Moore's appeal is **DISMISSED, as moot,** and JPMorgan's Motion to

---

[1] This Appeal was transferred to the undersigned on October 15, 2021. See Doc. #43.

[2] References to the docket in this case are denoted by "Doc.", while references to the docket in the underlying Bankruptcy case are denoted by "Bankr. Doc." Citations to a document's page number refer to the page number reflected in the document's ECF heading.

1

Dismiss [**Doc. #22**] is **TERMINATED, as moot.**

**I.    Background**

The Court presumes familiarity with the background of the underlying Bankruptcy case, which is set forth in further detail in the Memorandum of Decision filed in Appellant's concurrent appeal of the underlying bankruptcy case. See In re Moore, No. 20CV00705(SALM), Doc. #69 (D. Conn. Feb. 16, 2022).

Appellant filed the underlying Chapter 13 bankruptcy case on September 20, 2019. [Bankr. Doc. #1]. On December 11, 2019, the Chapter 13 Trustee filed a Motion to Dismiss Appellant's case with prejudice, and also sought the imposition of a two-year filing bar. See Bankr. Doc. #37. On January 16, 2020, JPMorgan filed a Motion for Relief from Stay regarding 10 Rosemary Drive, Stratford, Connecticut. See Bankr. Doc. #72. After receiving an extension to respond to this motion, Appellant filed his objection to the motion for relief from stay on February 6, 2020. [Bankr. Doc. #90]. The Court noticed a hearing on the motion for February 18, 2020, [Bankr. Doc. #94], but ultimately continued the date to February 25, 2020 "based upon the Debtor contacting the court that he is unavailable on the 18th." Bankr. Doc. #103.

On February 25, 2020, the Bankruptcy Court held a duly noticed hearing on the Motion to Dismiss and the Motion for

Relief from Stay. See Bankr. Docs. #110, #130, #131. During that hearing, the Bankruptcy Court granted the Chapter 13 Trustee's Motion to Dismiss, and JPMorgan's Motion for Relief from Stay. See Bankr. Docs. #130, #131. A Memorandum of Decision and Order Granting Motion for Relief from Automatic Stay entered on March 10, 2020. [Bankr. Doc. #134]. On that same date, the Bankruptcy Court issued a Memorandum of Decision and Order Dismissing Case with Prejudice with a Three-Year Bar to Refiling. [Bankr. Doc. #136]; see also In re Moore, No. 19-51257(JAM), 2020 WL 1207911 (Bankr. D. Conn. Mar. 10, 2020).

On March 24, 2020, Appellant filed a Motion for a New Trial related to the Bankruptcy Court's order granting JPMorgan relief from the automatic stay. See Bankr. Doc. #142. The Bankruptcy Court denied that motion on May 6, 2020, because "[n]o grounds exist under Fed. R. Civ. P. 59 or Fed. R. Bankr. P. 9023 to grant a new trial[.]" Bankr. Doc. #146.

On May 20, 2020, Mr. Moore filed an appeal of the Bankruptcy Court's dismissal order. See In re Moore, No. 20CV00705(SALM), at Doc. #1 (D. Conn. May 20, 2020). On February 16, 2022, the undersigned issued a Memorandum of Decision and Order affirming the Bankruptcy Court's dismissal order. See id. at Doc. #69.

## II. Discussion

Because the Court has affirmed the Bankruptcy Court's dismissal order, the underlying bankruptcy case remains dismissed, and Mr. Moore's appeal is moot.

"If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed by virtue of Article III's case or controversy requirement." In re Chateaugay Corp., 10 F.3d 944, 949 (2d Cir. 1993); see also Booker v. Notice U.S. Tr., No. 3:20CV00561(VAB), 2021 WL 1178375, at *3 (D. Conn. Mar. 29, 2021) ("Mootness has two aspects in the context of a bankruptcy appeal. First, Article III of the Constitution requires that there be a live case or controversy so that the court can grant effective relief." (citation and quotation marks omitted)).

Mr. Moore appeals from the order granting JPMorgan's motion for relief from stay. See Doc. #7. Even if the Court were to reverse that order, the relief would not be effective, because there is no longer an active underlying bankruptcy matter. The Bankruptcy Court dismissed the underlying case [Bankr. Doc. #136], and the order of dismissal has now been affirmed by this Court. See In Re Moore, No. 3:20CV00705(SALM), Doc. #69 (D. Conn. Feb. 16, 2022). "Pursuant to Section 362, any automatic

4

stay would have terminated upon dismissal of the case. Accordingly, even if the Bankruptcy Court erred in lifting the automatic stay, the Court cannot reinstate the stay because the underlying bankruptcy proceeding has been dismissed." In re Walerstein, No. 07CV02746(JS), 2008 WL 795327, at *2 (E.D.N.Y. Mar. 24, 2008). Therefore, Mr. Moore's appeal is moot. See id.; see also Booker, 2021 WL 1178375, at *5.

"When a case becomes moot, a federal court lacks subject matter jurisdiction over the action and any appeal must be dismissed." Moss v. 245 E. 25th Realty Corp., No. 01CV09318(SHS), 2002 WL 31426204, at *1 (S.D.N.Y. Oct. 29, 2002).

Accordingly, Mr. Moore's appeal is **DISMISSED, as moot,** and JPMorgan's Motion to Dismiss [**Doc. #22**] is **TERMINATED, as moot.**

The Clerk of the Court shall close this case.

SO ORDERED at New Haven, Connecticut, this 16th day of February 2022.

_____/s/_____
Hon. Sarah A. L. Merriam
United States District Judge